UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 5:16-CR-94 |
| ) | |
| BRIAN FOLKS, ) | |
| Defendant. ) | |

## **MOTION FOR DETENTION**

The United States moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>. This defendant is eligible for detention under the Bail Reform Act because the matter involves an offense under the Controlled Substance Act for which a maximum term of imprisonment of ten years or more is prescribed, and a serious risk that defendant will flee. *See* 18 U.S.C. §§ 3142(f)(1)(C), 3142(f)(2)(A).

2. <u>Reason For Detention</u>. The Court should detain the defendant because there are no conditions of release that will reasonably assure the safety of another person or the community, and the appearance of defendant as required by the Court.

3. <u>Standard of Proof</u>. Once a case is eligible for detention, upon the government's motion, the Court must hold a hearing to determine whether any combination of release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(1); *see United States v. Gotti*, 358 F. Supp. 2d 280, 282 (S.D.N.Y. 2005).

A court's finding that "no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing

evidence." 18 U.S.C. § 3142(f)(2). A court's finding that no combination of conditions will reasonably assure the defendant's appearance must be supported by a preponderance of evidence. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) (preponderance of evidence applies to court's determination of risk of flight or obstruction of justice).

With regard to dangerousness, "'[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'" *United States v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985) (*quoting* S. Rep. No. 225 at 7; 1984 U.S.C.C.A.N. at 3189). Additionally, "it is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'" *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985). As to the risk of flight in drug cases, the Second Circuit has favorably cited the Congressional finding that a flight risk is "particularly high among those charged with major drug offenses . . . [and] . . . that these offenders pose special risks of flight, [such] that 'a strong probability arises' that no form of conditional release will be adequate to secure their appearance." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986) (internal citations omitted).

Because the defendant has been indicted for a drug felony, there is presumption that detention is appropriate.

4. <u>Time for Detention Hearing</u>. The United States requests that the detention hearing take place after a three-day continuance, which is authorized by 18 U.S.C. § 3142(f)(2).

5. <u>Other matters.</u> The United States has not had an opportunity to review the Pre-trial Services report, and the United States needs additional time to review that information. The government believes that the defendant cannot rebut the presumption. First, the government

2

understands that defendant has a criminal record that includes violent felonies. The defendant apparently committed the charged drug conspiracy while on pretrial release for a state violent felony. Second, during a post-arrest interview, the defendant stated that he acted as the "muscle" against drug traffickers, in essence taxing them for drug trafficking and used violence to enforce his demands. He admitted engaging in such criminal conduct since he had been released from jail over two years ago. Third, the Burlington Police Department seized a gun from a car driving by the defendant in December 2015. Fourth, a witness has told law enforcement that the defendant threatened to kill her with a gun when he believed that she had stolen some of his drugs. In connection with this drug theft, the defendant posted a Facebook video which includes threats against one of his co-conspirators. Fifth, the defendant faces a substantial sentence, including a mandatory minimum of five year in jail. He has no regular job. He is apparently separated from his wife, who lives in Winooski. While he has lived in Vermont for some time, there is a substantial risk that he will flee.

    Dated at Burlington, in the District of Vermont, this 20th day of July, 2016.

    Respectfully submitted,

    UNITED STATES OF AMERICA

    ERIC S. MILLER
    United States Attorney

By:   /s/ *Paul J. Van De Graaf*
    PAUL J. VAN DE GRAAF
    Chief, Criminal Division
    P.O. Box 570
    Burlington VT 05402-0570
    (802) 951-6725
    Paul.Van.De.Graaf@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Liza G. LaBombard, Legal Assistant for the United States Attorney for the District of Vermont, do hereby certify that on July 20, 2016, I electronically filed the Government's **MOTION FOR DETENTION** with the Clerk of the Court using the CM/ECF system.

Dated at Burlington, in the District of Vermont, July 20, 2016.

*/s /Liza G. LaBombard*
Legal Assistant
District of Vermont
P.O. Box 570
Burlington, VT 05402
(802) 951-6725