UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 5:16-cr-94 |
| | ) | |
| BRIAN FOLKS, | ) | |
|    Defendant. | ) | |

**<u>OPPOSITION TO DEFENDANT'S MOTIONS TO EXCLUDE AND SEVER</u>**

The United States of America, by and through its attorney, Eric S. Miller, United States Attorney for the District of Vermont, respectfully submits this memorandum in opposition to defendant Brian Folks' motions to Exclude Evidence and Sever Defendants. For the reasons set forth below, the government respectfully requests that the Court deny the motions.

**I.**     **<u>Background</u>**

On July 16, 2016, a federal grand jury in the District of Vermont returned a multi-count Indictment charging the defendant, Brian Folks, and his associates with violating the Controlled Substances Act. The lead count of the Indictment charges Folks, Mandy Latulippe, and Donald McFarlan with conspiring to distribute both cocaine base and heroin. The Indictment alleges that Folks and McFarlan are responsible for 28 grams or more of cocaine base and a 100 grams or more of heroin. Therefore, both men face a mandatory minimum sentence of five years.

Folks and Latulippe were arrested in Vermont shortly after the Indictment was returned. The U.S. Marshals Service arrested McFarlan in New York City on September 29, 2016. A U.S. Magistrate Judge in the Southern District of New York detained McFarlan and he is being transported to the District of Vermont for court proceedings.

1

## II. <u>Argument</u>

Folks now moves the Court to exclude evidence against him due to the government's tardy Rule 16 disclosure and to sever his case from his co-defendant's to protect his rights under the Speedy Trial Act (STA). Both of these motions are without merit and should be rejected.

### A. Severance From Latulippe And McFarlan Is Unwarranted

Folks argues the Court should sever his trial from co-defendants Latulippe and McFarlan to ensure his right to a speedy trial under the STA. Folks' claim is unsupported by the law and facts.

Multiple defendants may be joined in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). According to the Supreme Court, strong institutional considerations underlie this settled principle:

> It would impair both the efficiency and the fairness of the criminal justice system to require ... that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability - advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987). *See also United States v. Lyles*, 593 F.2d 182, 191 (2d Cir. 1979) (presumption in favor of joint trials "conserves judicial resources, alleviates the burdens on citizens serving as jurors, and avoids the necessity of having witnesses reiterate testimony in a series of trials"). "The risks of prejudice attendant in a joint trial are

presumptively outweighed by the conservation of time, money and scarce judicial resources that a joint trial permits." *United States v. Jimenez*, 824 F. Supp. 351, 366 (S.D.N.Y. 1993). *See also United States v. Henry*, 861 F. Supp. 1190, 1199 (S.D.N.Y. 1994) (consideration of "the burdens upon the criminal justice system imposed by separate trials has given rise to a strong presumption in favor [of] joint trials and led courts to erect high barriers to defendants who move for severance").

In recognition of the compelling interests served by joint trials, severance motions are "'committed to the sound discretion of the trial judge.'" *United States v. Scarpa*, 913 F.2d 993, 1014 (2d Cir. 1990) (quoting *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989)). "In exercising this discretion, the Court must pay heed to the powerful institutional interests in judicial economy favoring joint rather than separate trials." *United States v. Henry*, 861 F. Supp. at 1199. To prevail on a severance motion pursuant to Rule 14(a), the defendant must establish "a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, Folks falls far short of meeting the heavy burden needed to justify severance from his co-conspirators, which would require at least two federal trials regarding a single drug distribution conspiracy involving three defendants. The sole basis for Folks' severance motion is to ensure that he has a speedy trial under the STA. This argument ignores the fact that the STA makes excludable "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). In determining the reasonableness of such a delay, the court must consider whether the delay is necessary to conduct of a joint trial. *See, e.g.*, *United States v. Stephens*, 489 F.3d 647, 653 n.10 (5th Cir. 2007); *United States v. Hall*, 181 F.3d 1057, 1062-

63 (9th Cir. 1999); *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The utility of a joint trial is particularly compelling . . . [when] the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses.").

The time for trial under the STA has not run for any of the defendants in this case. At the time of his arraignment, the court ordered a 60-day STA exclusion for Folks pursuant to the "ends of justice" exception, 18 U.S.C. § 3161(h)(7), in order to permit the defense time to prepare and file pretrial motions. Folks' STA clock has been further tolled by his filing of the motions now under consideration. The Court recently granted Latulippe's motion for a 60-day extension of time in which to file her pretrial motions and has tolled the STA accordingly. McFarlan has yet to appear in the District of Vermont, but presumably when he appears for arraignment the Court will provide him a period of time—likely between 60 and 90 days—in which to prepare and file pretrial motions and exclude that time period pursuant to § 3161(h)(7).

Given these facts, the Court should deny Folks' severance motion, set a single deadline for the filing of pretrial motions for all three co-defendants in this case, and exclude the interim period pursuant to 18 U.S.C. §§ 3161(h)(6)-(7) as to all three defendants. Once any pretrial motions have been adjudicated, the three defendants should proceed toward the same trial date.

The relatively modest delay this will cause to Folks' trial is "reasonable" and will best serve the "ends of justice," §§ 3161(h)(6)-(7), because it will permit the Court to hold a single trial for a three-defendant drug distribution conspiracy and thus support the well-established preference for joint trials. A single trial in Folks' case will "conserve[] judicial resources, alleviate[] the burdens on citizens serving as jurors, and avoid[] the necessity of having witnesses reiterate testimony in a series of trials. *Lyles*, 593 F.2d at 191. These considerations far

4

outweigh the detriment caused by a delay of several months, especially in light of the severity of the charges that Folks and his co-defendants are facing.

> **B.  Folks Has Not Been Prejudiced By The Timing Of The Government's Rule 16 Disclosures And Exclusion Is Not Justified**

Folks asks the Court to exclude at trial certain evidence as a sanction for a tardy Rule 16 disclosure.[1]  Again, this argument is undermined by both the facts and the law and should be rejected.

Federal Rule of Criminal Procedure 16 provides district courts broad discretion in responding to the government's failure to comply with the Rule's requirements.  Fed. R. Crim. P. 16(d)(2).  In determining the appropriate response, the court should consider the reasons for the government's failure, the extent to which the defendant has been prejudiced, *United States v. Yousef*, 327 F.3d 56, 147 (2d Cir. 2003), and whether the prejudice can be cured by a continuance, *United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007).

As an initial matter, the government concedes that its initial Rule 16 letter was sent to defense counsel considerably later than the 14-day (from arraignment) time period required by Local Rule 16(a)(1).  The government takes its responsibilities under the Federal Rules of Criminal Procedure and the Local Rules seriously, particularly its discovery obligations, and accepts fully responsibility for this error.  Nevertheless, as even the defense appears to acknowledge in its pleadings, the mistake occurred not due bad faith but instead because the Assistant U.S. Attorney was confused about who was representing Folks.[2]  In addition, there is

---

[1] Although somewhat unclear from his pleading, it appears Folks is asking the Court to exclude essentially all of the evidence in this case.

[2] The Assistant U.S. Attorney handling the case at the time, Ms. Heather Ross, Esq., has since left the U.S. Attorney's Office.

no dispute that defense counsel has now received the government's initial Rule 16 letter and the accompanying materials.[3]

Folks has failed to explain how he has been prejudiced by the timing of the government's disclosure. Even if the Court were to grant Folks' motion for severance, there would still be a considerable period of time before his trial, during which defense counsel would have ample time to review the discovery and prepare a defense. Under these circumstances and at this stage of the proceedings, blanket suppression is not the appropriate remedy for the government's error. Accordingly, Folks' motion should be denied.

## IV. Conclusion

For the foregoing reasons, the government respectfully urges the Court to deny the defendant's motions to exclude evidence and sever.

Dated at Burlington, in the District of Vermont, this 3rd day of October, 2016.

        Respectfully submitted,
        UNITED STATES OF AMERICA

        ERIC S. MILLER
        United States Attorney

By:   */s/ Timothy C. Doherty, Jr.*
      TIMOTHY C. DOHERTY, JR.
      Assistant U.S. Attorney
      P.O. Box 570
      Burlington VT 05402-0570
      (802) 951-6725
      Timothy.c.doherty@usdoj.gov

---

[3] Although the government's Rule 16 letter and accompanying materials were not sent to defense counsel until September 8, 2016, the government did provide defense counsel early discovery in late July. The materials provided include Folks' Miranda waiver form and post-arrest statement, a Facebook video featuring Folks, the recorded statement of a potential witness, a Burlington PD police report, and a DEA-6 report. Although the disclosure of these materials does not excuse the government's tardy Rule 16 letter, it does undermine any claim Folks might make regarding prejudice.

## CERTIFICATE OF SERVICE

I, Liza G. LaBombard, Legal Assistant for the United States Attorney for the District of Vermont, do hereby certify that on October 3, 2016, I electronically filed the Government's **OPPOSITION TO DEFENDANT'S MOTIONS TO EXCLUDE AND SEVER** with the Clerk of the Court using the CM/ECF system.

Dated at Burlington, in the District of Vermont, October 3, 2016.

*/s /Liza G. LaBombard*
Legal Assistant
District of Vermont
P.O. Box 570
Burlington, VT 05402
(802) 951-6725