UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:16-cr-94-1 |
| ) | |
| BRIAN FOLKS, ) | |
| ) | |
| Defendant. ) | |

## DECISION ON MOTION TO SEVER DEFENDANTS and MOTION TO EXCLUDE EVIDENCE (Docs. 29, 30)

On July 14, 2016, defendant Brian Folks and two codefendants were indicted on charges of conspiracy, possession and distribution of heroin, cocaine, and cocaine base. The indictment was sealed pending the arrest of the defendants. Mr. Folks and Ms. Latulippe were arraigned following arrest on July 20, 2016. Mr. Folks was detained at arraignment and his detention was continued following a detention hearing on July 28, 2016.

On September 8, 2016, the Government provided Mr. Folks' counsel Michael Straub with a Rule 16 discovery disclosure. (Doc. 30-1.) This letter was tardy since it came almost 50 days after arraignment. The Government has apologized for the delay, and Mr. Folks identifies no specific prejudice beyond a generalized complaint that his trial has been delayed.

On September 19, 2016, Mr. Folks filed the present motions to exclude evidence on the ground that the Rule 16 letter was tardy and to sever his case from codefendants Mandy Latulippe and Donald McFarlan. (Docs. 29, 30.) At the time Mr. Folks filed these motions, one of those defendants (Mr. McFarlan) remained at large and the indictment remained sealed. Mr. McFarlan was arrested on September 29, 2016 in New York City and the indictment was unsealed that day. He was arraigned on November 1, 2016.

### I. Motion to Exclude Evidence

Relief under Rule 16 for untimely disclosure is conditioned on a showing that the defendant was prejudiced in that the *untimeliness* of the disclosure "adversely affected some aspect of his trial strategy." *United States v. Lee*, 834 F.3d 145, 148 (2d Cir. 2016) (internal

1

quotation marks omitted). Mr. Folks has made no showing of such prejudice. Nor has there been a violation of Mr. Folks' statutory speedy trial rights, since the running of time has been stopped by the granting of Ms. Latulippe's motion for extension of time to November 18, 2016 to file pretrial motions (Doc. 31) and by Mr. Folks' own pending motions. In the meantime, Mr. McFarlan has been located, and the three cases are moving towards trial. While late disclosure is not favored, in this case the evidence is not voluminous and it has been provided well before any trial or motion hearing.

The motion to exclude evidence is DENIED.

## II. Motion to Sever

The basis for the motion to sever is delay, particularly the delay caused by joinder of a sealed defendant who had not been arrested. With the arrest and return of Mr. McFarlan, that ground for relief is removed. Strong policy interests generally weigh in favor of trying by joint trial defendants indicted together, *Zafiro v. United States*, 506 U.S. 534, 537–38 (1993), and Mr. Folks offers no other basis at this time that joinder is in some other way unfair or prejudicial.

The motion to sever is DENIED.

Dated at Rutland, in the District of Vermont, this ⌒ day of November, 2016.

Geoffrey W. Crawford, Judge
United States District Court