U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JAN 16 PM 3: 12

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:16-cr-94 |
| ) | |
| BRIAN FOLKS, aka "Moe," aka "Moet Hart," and ) | |
| DONALD MCFARLAN, aka "G" aka "Ghost," ) | |
| Defendants. ) | |

FOURTH SUPERSEDING INDICTMENT

Count 1

The Grand Jury charges that:

1.   Between in or about May of 2015, and in or about March of 2016, in the District of Vermont and elsewhere, the defendants, BRIAN FOLKS, aka "Moe," aka "Moet Hart," DONALD MCFARLAN, aka "G," aka "Ghost," and others, known and unknown to the Grand Jury, knowingly and willfully conspired to distribute heroin, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance.

2.   With respect to defendants BRIAN FOLKS, aka "Moe," aka "Moet Hart," and DONALD MCFARLAN, aka "G," aka "Ghost," their conduct as a members of the conspiracy, including the reasonably foreseeable conduct of other members of the conspiracy, involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base and 100 grams or more of a mixture and substance containing a detectable amount of heroin.

3.   It was part of the conspiracy that co-conspirators had various roles. For example, BRIAN FOLKS, aka "Moe," aka "Moet Hart," served as the organizer, leader, and overseer of the group; DONALD MCFARLAN, aka "G," aka "Ghost," served as a partner and second-in-

1

command, as well as security and as a drug courier; and other co-conspirators served as security, couriers, baggers, runners, proceeds-collectors, drivers, and hosts.

4. It was further a part of the conspiracy that BRIAN FOLKS, aka "Moe," aka "Moet Hart," DONALD MCFARLAN, aka "G," aka "Ghost," and others used violence and the threat of violence, including the use and threatened use of a firearm, to maintain discipline within the group and to protect the narcotics sold by the group.

5. It was further a part of the conspiracy that BRIAN FOLKS, aka "Moe," aka "Moet Hart," DONALD MCFARLAN, aka "G," aka "Ghost," and others employed and used various drug addicts and other vulnerable people as low-level workers in and facilitators of the group, including using Victim A to conceal a firearm, as a driver, and as a courier; and Victims B and D and Minor Victim E as baggers and runners.

6. It was further a part of the conspiracy that BRIAN FOLKS, aka "Moe," aka "Moet Hart," DONALD MCFARLAN, aka "G," aka "Ghost," and others distributed heroin and cocaine base to Victims A, B, C, and D, and Minor Victim E.

7. It was further a part of the conspiracy that BRIAN FOLKS, aka "Moe," aka "Moet Hart," distributed and withheld heroin and cocaine base to and from Victims A, B, C, and D, Minor Victim E, and others, and caused and coerced Victims A, B, C, and D, Minor Victim E, and others, to perform commercial sex acts in order to pay and repay BRIAN FOLKS, aka "Moe," aka "Moet Hart," for the heroin and cocaine base.

8. It was further a part of the conspiracy that BRIAN FOLKS, aka "Moe," aka "Moet Hart," used Victims A, B, C, and D, Minor Victim E, and other workers in the drug conspiracy as prostitutes and facilitators of prostitution in his business enterprises involving prostitution, including but not limited to a commercial sex enterprise involving the use of

Backpage and other methods of advertising, and the proposed businesses "Dirty Little Secrets," "Black Hand Productions," and "The Mo Hood."

(21 U.S.C. §§ 841(a), 841(b)(1)(B), 846)

Count 2

The Grand Jury further charges that:

On or about December 25, 2015, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," having been convicted of a crime punishable by a term of imprisonment exceeding one year, namely Manslaughter in the First Degree, State of New York, New York County, in 1993, knowingly possessed in and affecting commerce a firearm, namely a Beretta Model 92FS 9 mm pistol, SN# BER441412.

(18 U.S.C. §§ 922(g)(1), 924(a)(2))

## Count 3

The Grand Jury further charges that:

On or about January 6, 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 4

The Grand Jury further charges that:

On or about January 12, 2016, in the District of Vermont, the defendant, DONALD MCFARLAN, aka "G," aka "Ghost," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

<u>Count 5</u>

The Grand Jury further charges that:

On or about January 12, 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. §2)

## Count 6

The Grand Jury further charges that:

On or about January 13, 2016, in the District of Vermont, the defendant, DONALD MCFARLAN, aka "G," aka "Ghost," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I controlled substance; cocaine base, a Schedule II controlled substance; and dibutylone, a positional isomer of pentylone, a Schedule I controlled substance. The offense involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base and 100 grams or more of a mixture and substance containing a detectable amount of heroin.

(21 U.S.C. §§ 841(a), 841(b)(1)(B))

## Count 7

The Grand Jury further charges that:

On or about January 20, 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

## Count 8

The Grand Jury further charges that:

On or about January 22, 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

## Count 9

The Grand Jury further charges that:

On or about February 10, 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly and intentionally distributed heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C); 18 U.S.C. § 2)

## Count 10

The Grand Jury further charges that:

Between in or about June 2012 and in or about August 2014, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim A, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim A to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1); 18 U.S.C. § 2)

## Count 11

The Grand Jury further charges that:

In or about July 2013, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim B, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim B to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1); 18 U.S.C. § 2)

Count 12

The Grand Jury further charges that:

Between in or about June 2015 and in or about February 2016, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim B, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim B to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1); 18 U.S.C. § 2)

<u>Count 13</u>

The Grand Jury further charges that:

In or about June 2015, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim C, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim C to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1); 18 U.S.C. § 2)

## Count 14

The Grand Jury further charges that:

Between in or about June 2015 and in or about December 2015, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim D, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim D to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(1); 18 U.S.C. § 2)

<u>Count 15</u>

The Grand Jury further charges that:

Between in or about May 17, 2013 and in or about May 18, 2013, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Minor Victim E, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim E, that Minor Victim E had not attained the age of 18 years and would be caused to engage in a commercial sex act.

(18 U.S.C. §§ 1591(a)(1), (b)(2), (c); 18 U.S.C. § 2)

## Count 16

The Grand Jury further charges that:

Between in or about June 2012 and in or about February 2016, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," together with others, knowingly used, and caused to be used, one or more facilities in interstate commerce, namely the internet and cellular telephones, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of Vermont, and thereafter performed and caused to be performed acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

(18 U.S.C. §§ 1952(a)(3)(A), (b)(1) & 18 U.S.C. § 2)

FOREPERSON

(AEA) Christina E. Nolan
United States Attorney
Burlington, Vermont
January 16, 2018