UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 5:16-cr-94-01 |
| ) | |
| BRIAN FOLKS aka "Moe, aka "Moet Hart," ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

The United States has filed a motion pursuant to Rule 16(d)(1) for entry of a Protective Order that governs the manner in which discovery containing sensitive victim and witness-related material is handled and the manner in which the parties may refer to victims in Court. The defendant does not oppose the motion. This Order applies retroactively to all materials previously produced to the defendant in this case.

For good cause having been shown and with the consent of defense counsel, it is hereby ORDERED:

1. For purposes of this Order, the term "discovery" means the electronic files, printouts of those files, or paper documents produced by the government and identified on the accompanying index, or duplicates of any of the foregoing, including those documents that contain statements made by witnesses in grand jury transcripts, reports of interviews, affidavits, sworn statements, or other documents.

2. Discovery and victim and witness names shall not be disseminated to anyone outside defense counsel's firm and its investigators and contractors working on this matter, including but not limited to the press. Any such investigators and contractors are bound by the same restrictions. Defense counsel shall not share witness or victim statements with co-defendants or

other defense counsel except defense counsel to whom the government has produced the same materials. Defense counsel may share summaries and excerpts with anyone, provided that victim and witness names are redacted; wholesale cutting and pasting of the contents of witness statements is prohibited. Defense counsel must refrain from using any victim's full or actual name in any public-facing document or filing, as well as from making reference to a victim's full or actual name in any public hearing, and counsel should adhere to the naming conventions in the governing indictment or, upon further agreement, in any other manner acceptable to the government.

3. The defendant may review the discovery in the presence of defense counsel, other members of counsel's firm, or counsel's investigators/contractors working on this matter,

but may not otherwise access these materials and may not retain, even temporarily, the materials.

4. All discovery produced by the government shall be returned to the government or destroyed within 30 days of the conclusion of the trial court or appellate proceedings.

5. For purposes of these restrictions, "investigators" and "contractors" shall not include spouses, significant others, friends, or associates of defendants.

6. A copy of this Order shall be provided by defense counsel to the defendant.

Dated at Rutland, in the District of Vermont, this 28th day of February, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court