UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Doc. No. 16-cr-94 |
| v. ) | |
| ) | |
| BRIAN FOLKS ) | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL**

Brian Folks, by and through counsel, hereby moves to continue the trial scheduled to commence on April 30, 2018.  Failure to continue the trial will deprive Mr. Folks of his constitutional guarantees to due process, adequate representation, confrontation of witnesses, and receipt of exculpatory and impeachment evidence.  In support of his Motion, Mr. Folks states:

1. Mr. Folks is charged with 16 counts averring human trafficking, narcotics, firearm and travel act crimes.  If convicted, Mr. Folks faces **30 years** in mandatory minimum sentences and a probable advisory sentence of **life imprisonment** under the Sentencing Guidelines.

2. The government has been preparing its case against Mr. Folks since 2015 with the assistance of the:

    a. Federal Bureau of Investigation;

    b. Drug Enforcement Administration;

    c. Bureau of Alcohol, Tobacco, Firearms and Explosive;

    d. Department of Homeland Security;

    e. United States Postal Inspection Service;

    f. Vermont State Police;

    g. Burlington Police Department;

    h. Winooski Police Department;

    i. Franklin County Sheriff's Department;

    j. Essex Police Department;

    k. South Burlington Police Department;

    l. Chittenden Unit for Special Investigations; and

    m. Multiple forensics experts.

3. The government is represented by three prosecutors: an Assistant United States Attorney for the District of Vermont and two Trial Attorneys from the Department of Justice, Criminal Division, Civil Rights Section.

4. As of April 16, 2018, the government's trial witness list identified 67 witnesses.

5. As of April 16, 2018, the government's trial exhibit list identified 532 exhibits.

6. The government estimates that its case-in-chief will consume 2.5 weeks.

7. The government has produced more than 78 GB of evidence, consisting of tens of thousands of pages of documents and an enormous amount of audio, video and other digital data.

8. The protective orders entered by the Court and the protective agreements mandated by the government preclude Mr. Folks from personally:

    a. possessing the discovery produced by the government; and

    b. reading and examining all discovery produced since March 13, 2018, including the statements of witnesses.

9. The protective orders and mandated protective agreements impede the ability of Mr. Folks to assist in his own defense by slowing to a crawl Mr. Folks' review and evaluation

of the evidence against him and, consequently, his communication of that evaluation to his counsel.

10. As of April 25, 2018, the government continues to produce discovery due long ago under Fed. R. Crim. P. 16.

11. As of April 25, 2018, the government continues to produce critical *Giglio* that was due no later than April 16, 2018 under this Court's Local Criminal Rules and Scheduling Order.

12. As of April 25, 2018, the government has failed to produce all discovery, *Brady* and *Giglio* information and material as required by law.

13. As of April 25, 2018, the government has failed to satisfy numerous specific defense requests for *Giglio* material and information.

14. As of April 25, 2018, defense counsel continues to review witness statements and other recently produced discovery and have found that additional not-yet-produced *Giglio* information and material exists.

15. As of April 25, 2018, the government has refused defendant's requests that the government search the Backpage.com servers in its possession for exculpatory and impeachment evidence relating directly to the charged crimes, the witnesses the government intends to call at trial, and the other Backpage.com evidence the government intends to introduce at trial.  The government's refusal is particularly prejudicial because the Backpage.com servers in the possession of the government may contain: (a) exculpatory evidence that would prevent conviction on Count 15 (Trafficking of a Minor) in light of the government's absence of evidence demonstrating, as the government concedes it must, that an ad concerning the minor went "live," *see* Motion to Dismiss or Sever Count 15. Doc. 221, and (b) exculpatory evidence that would severely undercut the

3

government's evidence that the alleged victims in Counts 10 though 14 (Trafficking by Force, Fraud or Coercion) were forced or coerced as alleged by the government in light of witness statement evidence recently produced by the government revealing significant prostitution by the women occurring during the charged timeframe **but not** involving Mr. Folks.

16. On April 25, 2018, the government disclosed that S.N. lied to Department of Children and Families ("DCF") by denying work as a prostitute during the time period at issue in this case. The defense has requested from the government any and all law enforcement and DCF records regarding this new *Brady/Giglio* information.

17. The timing and quantity of the government's *Brady* (including *Giglio*) productions to date and those yet to be completed preclude defense counsel from making effective use of the information at trial. *See. United States v. Gil*, 297 F.3d 93, 105 (2d Cir. 2002) ("*Brady* material must be disclosed in time for its effective use at trial.") (quotation marks omitted); *United States v. Djibo*, No. 16-3956-CR, 2018 WL 1801715, at *2 (2d Cir. Apr. 17, 2018) ("Although there is no precise deadline for when the government is required to disclose *Brady* and *Giglio* material, we have held that *Brady* requires disclosure in time for its effective use at trial") (quotation marks omitted).

18. Mr. Folks was arraigned on the original indictment on July 20, 2016. Michael Straub, Esq. was assigned as counsel. On January 19, 2017, William Kraham, Esq. was appointed as replacement counsel for Mr. Straub. On November 17, 2017—due to the gravity and complexity of the case—David Williams, Esq. was appointed as co-counsel. On March 2, 2018—less than 60 days prior to trial—Craig Nolan, Esq. was appointed as

replacement counsel for Mr. Kraham, lead counsel for Mr. Folks who had represented Mr. Folks for more than 14 months.

19. Mr. Folks has been advised of his Speedy Trial Act rights, and understands that any continuance would result in an exclusion of time under the Act.  Mr. Folks consents to an exclusion.

20. Mr. Folks, himself, has requested that counsel seek the requested continuance for the foregoing reasons, and his counsel support and join in his request.

For the reasons set forth above, Mr. Folks respectfully requests that the Court continue the trial for 90 days and order the government to immediately comply with its constitutional obligations to produce exculpatory and impeachment evidence and its obligations under Fed.R.Crim.P. 16 and Local Criminal Rule 16.

Dated at Burlington, Vermont this 26th day of April, 2018.

**BRIAN FOLKS**

By: */s/ David J. Williams*
David J. Williams, Esq.
Jarvis, McArthur & Williams
95 St. Paul Street, Ste 2E
P.O. Box 902
Burlington, VT 05402
dwilliams@jarvismcarthur.com

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## **CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Brian Folks, do hereby certify that on April 26, 2018, I electronically filed with the Clerk of Court the following document:

### **DEFENDANT'S MOTION TO CONTINUE TRIAL**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

David J. Williams, Esq.
Jarvis, McArthur & Williams
95 St. Paul Street, Ste 2E
P.O. Box 902
Burlington, VT 05402
dwilliams@jarvismcarthur.com

Abigail E Averbach, AUSA
United States Attorney's Office
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Abigail.E.Averbach@usdoj.gov

Emily M. Savner, AUSA
United States Department of Justice
Civil Rights Division, Special Litigation Division
Patrick Henry Building, Room 5018
601 D Street N.W.
Washington, DC 20004
(202) 353-4081
emily.savner@usdoj.gov

Jared Fishman, Esq.
United States Department of Justice
Civil Rights Division, Special Litigation Division
Patrick Henry Building, Room 5018
601 D Street N.W.
Washington, DC 20004
(202) 598-1877
jared.fishman2@usdoj.gov

Dated at Burlington, Vermont, this 26th day of April, 2018.

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com