UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No. 5:16-cr-94 |
| BRIAN FOLKS, | ) | |
| *Defendant*. | ) | |

## OPPOSITION TO THE GOVERNMENT'S OMNIBUS MOTION *IN LIMINE*

Brian Folks, by and through counsel, opposes the Government's Omnibus Motion *in Limine*. In so doing, Folks asks that this Court (1) allow evidence of witnesses' other acts of prostitution; (2) permit evidence of witnesses' identities; (3) exclude evidence of Folks' uncharged criminal conduct; (4) prohibit evidence of M.L.'s statements; and (5) allow impeachment of Mandy Latulippe through the use of evidence of her conviction for voyeurism. At a minimum, Folks requests that the Court reserve ruling on these issues until trial.

## ARGUMENT

I. **Evidence of other acts of prostitution is relevant to show that Folks lacked the *mens rea* for sex trafficking because it demonstrates that he did not knowingly or recklessly disregard the fact that force and coercion would be used to cause someone to engage in a "commercial sex act."**

Evidence of witnesses' other acts of prostitution should be admitted to show that Folks lacked the necessary *mens rea* required for conviction of the sex trafficking charge. Under Federal Rule of Evidence 412, often referred to as the "rape shield law," evidence that a "victim engaged in other sexual behavior" may be admissible where its "exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Because the preclusion of this type of evidence would deny Folks his constitutional right to present a meaningful and complete defense, *see Holmes v. South Carolina*, 547 U.S. 319, 319 (2006) ("[T]he Constitution

guarantees criminal defendants a meaningful opportunity to present a complete defense." (internal quotation marks and citations omitted)), it should be allowed.

Although there is case law holding that generally evidence of pre- and post-indictment period prostitution is inadmissible under Rule 412, *see, e.g.*, *United States v. Rivera*, 799 F.3d 180, 185 (2d Cir. 2015) ("Prior sexual conduct for money or pleasure was irrelevant to whether the victims' sexual activities at the bars were the result of coercion."), such evidence in this matter is probative because it would show that Folks lacked the knowledge that force or coercion would be used to compel prostitution and it would contextualize testimony by the government's witnesses.[1]

The Seventh Circuit's decision in *United States v. Carson* describes how evidence of other acts of prostitution can be relevant to the *mens rea* requirement. 870 F.3d 584 (7th Cir. 2017). Although the Seventh Circuit ultimately upheld a district court's exclusion of evidence of prior prostitution as irrelevant on the underlying facts in that case, *id.* at 595–96, it explained:

> First, as the government points out, Carson proffered no evidence to the district court that his victims had voluntarily engaged in commercial sex transactions on other occasions. Unless he knew that the victims had voluntarily done so in the past, he could not have reason to believe they would do so in the future. In other words, voluntary prostitution is a completely separate act from commercial sex transactions that occur as the result of force or coercion in the context of sex trafficking, and Carson offered no evidence that the women he victimized had engaged in the voluntary act as opposed to having been victims before, or more importantly, that he knew that the prior acts were voluntary.

*Id.* at 593–94. The Court thus recognized that evidence of prior prostitution could be relevant to criminal intent where, as here, evidence exists that his victims had voluntarily engaged in commercial sex transactions on other occasions and he knew that because they had done so in the past, they would do so again.

---

[1] The government concedes that evidence of prior acts of prostitution is admissible under Rule 412 to provide context to testimony. *See* Government's Supplemental Motion *in Limine*, ECF, Doc. 214, at *2.

2

Furthermore, evidence of other acts of prostitution not involving Folks during the time period at issue is relevant and admissible. *See United States v. Rivera*, No. 13–CR–149(KAM), 2015 WL 1886967, at *7 (E.D.N.Y. 2015) ("Defendants are also permitted to introduce evidence of the alleged victims' sexual conduct (i.e., acts of prostitution) with others during this period, to the extent it is relevant to their defenses."); *see also United States v. Williams*, 564 F. App'x 568, 575–76 (11th Cir. 2014) (concluding that district court did not abuse its discretion by limiting defendant's cross-examination to acts of prostitution that occurred during the time defendant was in contact with the victims). Moreover, whether Folks allegedly beat and threatened his victims should not negate the fact that they also came to him and willingly engaged in the prostitution enterprise. This type of evidence is thus crucial to a determination of Folks' mental state during the alleged prostitution organization.

In any event, if evidence of other acts of prostitution is precluded from being used to show lack of intent, it should, as the government concedes, be allowed to provide context. In order to help the jury understand how the alleged prostitution occurred, such evidence is necessary. Because Folks would otherwise be denied a meaningful opportunity to present a complete defense without this evidence, it should be allowed.

II. **The witnesses' identities should not be hidden from the jury because this basic information could lead to countless avenues of inquiry and the government has not shown, beyond naked allegations, why nondisclosure is necessary.**

The government has provided no legitimate reason to hide the identities of the witnesses from the jury in this case. Although a defendant's confrontation rights might not be absolute, "[t]he witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to *emasculate the right of cross-examination itself.*" *Smith v. Illinois*, 390 U.S. 129, 131(1968) (emphasis added); *see also Alford v. United States*, 282 U.S. 687, 688 (1931) (reversing

3

conviction because trial court sustained objections to questions seeking to elicit prosecution witness's place of residence). Moreover, "if the question asked is one that is normally permissible, the State or the witness should at the very least come forward with *some* showing of why the witness must be excused from answering the question. The trial judge can then ascertain the interest of the defendant in the answer and exercise an informed discretion in making his ruling." *Id.* at 751 (White, *J.* concurring) (emphasis added).

The government's asserted basis for a protective order here is weak. The government merely alleges that "there is a legitimate concern about potential harassment and retaliation against the witnesses should they be required to reveal their names, addresses, and names of schools or places of employment." Government's Omnibus Motion *in Limine*, ECF No. 203, at * 5. The government also claims that because Folks allegedly disclosed the government's witness list on Facebook, these concerns are somehow heightened. *Id.* It is not clear, though, how the Facebook disclosure bears on whether the witnesses' identities should be withheld from the jury. Furthermore, the government has not demonstrated that the witnesses' personal safety would be placed in jeopardy, *Smith*, 390 U.S. at 134 (White, *J.* concurring), and the jury should be entitled to learn who they are, *cf. Alford*, 282 U.S. at 688. Other than its bare assertions, the government has not shown why the witnesses' identities should be protected.

Although some federal courts have held that it is appropriate to limit disclosure of witness identities, *see United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016) (limiting identification of victims where government alleged that "the testimony to be given by the Victims will be both sensitive and explicit and will affect them personally and could affect their ability to obtain gainful employment in the future if their full names are provided during the trial"), the government should be required to do more than merely claim that there is a "concern about potential harassment and retaliation."

4

### III. Evidence of Folks' uncharged criminal conduct should be excluded because its probative value is substantially outweighed by the risk of prejudice.

The government next asserts that evidence of Folks' alleged violence and threats against the women is admissible to establish that he used "force, fraud and coercion to compel commercial sex acts." Government's Omnibus Motion *in Limine*, ECF No. 203, at * 11. It further contends that such evidence is admissible as either integral to the alleged enterprise or admissible under Federal Rule of Evidence 404(b) to establish intent and plan to prostitute. *Id.* The government overlooks the prejudicial nature of this type of evidence.

Although "[e]vidence of uncharged criminal conduct is not evidence of other crimes, wrongs, or acts under Rule 404(b) if that conduct arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial," *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012) (internal quotation marks and citations omitted), Rule 404 remains subject to Rule 403's balancing test, *see United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ("We follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." (citations omitted)).

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Importantly, "[u]pon weighing the probative value and risk of prejudice of admitting [] uncharged crimes, the court must preclude any uncharged conduct that is unduly prejudicial to the defendant." *United States v. Sampson*, No. 13–CR–269 (S–5)(DLI), 2015 WL

5

2066073, at *4 (E.D.N.Y. 2015). Courts must also "be careful to consider the cumulative impact of the evidence on the jury and to avoid the potential prejudice that might flow from its admission." *See United States v. Wallach*, 935 F.2d 445, 472 (2d Cir. 1991).

Here, to the extent the government seeks to admit evidence of violence or sexual violence that does not otherwise make up an element of the charged offenses, it must be excluded. The proffered evidence would be unduly prejudicial: its probative value is minimal, it is likely to confuse the jury, and it is largely repetitive.

## IV. The Court should reserve ruling on the admission of M.L.'s statements because the government has not established by a preponderance that an agency relationship or conspiracy existed under Fed. R. Evid. 801(d)(2).

The government intends to offer evidence of out-of-court statements made by M.L as "non-hearsay statements under Fed R. Evid. 801(d)(2)(D) or (E) as statements offered against the defendant and made by the defendant's agent or co-conspirator." Government's Omnibus Motion *in Limine*, ECF No. 203, at *15. Under both rules, the critical inquiry is whether the statements were made during the course of the agency relationship, *see United States v. Rioux*, 97 F.3d 648, 660 (2d Cir. 1996) ("To show that the statement is not hearsay, the government must show: (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." (internal quotation marks and citations omitted)), or in furtherance of the conspiracy, *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990) ("In order to admit a statement under this Rule, the court must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy."). The government must establish that the statements offered meet the requirements of both rules by a preponderance of the evidence. *See Maldonado-Rivera*, 922 F.2d at 959 ("Preliminary questions as to whether a

proffered statement meets the requirements of Rule 801(d)(2)(E) are to be determined by the trial court by a preponderance of the evidence."). It has not yet done so.

The Court should defer ruling on the admissibility of any out-of-court statements made by M.L. because the government has not shown, by a preponderance, that either an agency relationship or conspiracy existed between Folks and M.L. Moreover, it has not established that the proffered statements where made during the alleged agency relationship or in furtherance of the alleged conspiracy. The government concedes as much. *See* Government's Omnibus Motion *in Limine*, ECF No. 203, at *16–17. In fact, the government has not even identified the statements it seeks to admit. Accordingly, this Court should reserve ruling on any out-of-court statements made by M.L. until trial.

V. **Impeachment of Mandy Latulippe by evidence of her prior state conviction for voyeurism is appropriate because it is punishable by imprisonment for more than one year.**

Evidence of Mandy Latulippe's prior state conviction for voyeurism should be allowed for impeachment purposes under Rule 609(a)(1). Under Federal Rule of Evidence 609(a)(1), a witness's character for truthfulness may be attacked by evidence of a criminal conviction "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year." Pursuant to 13 V.S.A. § 2605(j) a person who commits voyeurism for the first time "shall be imprisoned not more than two years." Because the crime of voyeurism is punishable by imprisonment of up to two years, Latulippe's conviction is admissible under 609(a)(1) for impeachment purposes.

The government asserts that, because voyeurism is deemed a misdemeanor under Vermont law, evidence of Latulippe's criminal conviction is inadmissible under Rule 609. Government's Omnibus Motion *in Limine*, ECF No. 203, at *18. Whether Vermont classifies voyeurism as a misdemeanor, however, is of no consequence to admission under Rule 609. It is

the severity of the punishment that is determinative. Indeed, the Advisory Committee Notes explain that "[f]or evaluation of the crime in terms of seriousness, reference is made to the congressional measurement of felony (subject to imprisonment in excess of one year) rather than adopting state definitions which vary considerably. *See* 28 U.S.C. § 1865, *supra*, disqualifying jurors for conviction in state or federal court of crime punishable by imprisonment for more than one year." Likewise, according to Wright and Miller, "[i]t is clear that a conviction for a felony can be admissible even if it did not result in the imprisonment of the witness for more than a year or, indeed, for any period. All that is required is that the offense was so 'punishable.'" Wright & Miller, 28 Fed. Prac. & Pro. Evid. § 6134 (2d ed.) (West 2018). Consequently, evidence of a criminal conviction for voyeurism under Vermont law is admissible under Rule 609(a)(1).[2]

The government also argues that evidence of Latulippe's conviction would be unfairly prejudicial under Rule 403. It claims that the only reason Folks seeks to elicit this conviction is to "paint the witness as a bad person." Government's Omnibus Motion *in Limine*, ECF No. 203, at *19. To the contrary, Folks intends to introduce evidence of the voyeurism conviction to attack Latulippe's character for truthfulness, just as the rule allows. The probative value of this conviction is therefore not substantially outweighed by any risk of prejudice. *Cf. United States v. Estrada*, 430 F.3d 606, 617 ("Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully."). It should be allowed.

Wherefore, for the foregoing reasons, the Court should deny, and as specifically noted above reserve ruling on, the government's Omnibus Motion *in Limine*.[3]

---

[2] Alternatively, Latulippe's voyeurism conviction is admissible under Rule 609(a)(2) because it inherently involves deceitful and sneaky conduct. *Cf.* Bender, Weinstein's Federal Evidence, § 609.04[2][b] (explaining that "crimes come within Rule 609(a)(2) [] even though the statutory elements do not include deceit, if the government has to prove deceit or dishonesty to obtain the conviction").

[3] The portion of the Government's Omnibus Motion *in Limine* with respect to Nikki will be discussed a at later date.

Dated at Burlington, Vermont this 26th day of April, 2018.

**BRIAN FOLKS**

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

**CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Brian Folks, do hereby certify that on April 26, 2018, I electronically filed with the Clerk of Court the following document:

**OPPOSITION TO THE GOVERNMENT'S OMNIBUS MOTION *IN LIMINE***

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| David J. Williams, Esq.<br>Jarvis, McArthur & Williams<br>95 St. Paul Street, Ste 2E<br>P.O. Box 902<br>Burlington, VT 05402<br>dwilliams@jarvismcarthur.com | Abigail E Averbach, AUSA<br>United States Attorney's Office<br>District of Vermont<br>P.O. Box 570<br>Burlington, VT 05402-0570<br>(802) 951-6725<br>Abigail.E.Averbach@usdoj.gov |
| Emily M. Savner, AUSA<br>United States Department of Justice<br>Civil Rights Division, Special Litigation Division<br>Patrick Henry Building, Room 5018<br>601 D Street N.W.<br>Washington, DC 20004<br>(202) 353-4081<br>emily.savner@usdoj.gov | Jared Fishman, Esq.<br>United States Department of Justice<br>Civil Rights Division, Special Litigation Division<br>Patrick Henry Building, Room 5018<br>601 D Street N.W.<br>Washington, DC 20004<br>(202) 598-1877<br>jared.fishman2@usdoj.gov |

Dated at Burlington, Vermont, this 26th day of April, 2018.

By: *Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com