

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN FOLKS,<br>    Defendant. | Crim. No. 5:16-CR-94-1 |

### AMENDED PROTECTIVE ORDER

For good cause having been shown, it is hereby ORDERED:

1. For purposes of this Order, the term "discovery" means the electronic files, printouts of those files, or paper documents produced by the government, or duplicates of any of the foregoing, including those documents that contain statements made by witnesses in grand jury transcripts, reports of interviews, affidavits, sworn statements, or other documents.

2. Discovery and victim and witness names shall not be disseminated to anyone outside defense counsel's firm and its investigators and contractors working on this matter, including but not limited to the press. Any such investigators and contractors are bound by the same restrictions. Defense counsel shall not share witness or victim statements with co-defendants or other defense counsel except defense counsel to whom the government has produced the same materials. Defense counsel may share summaries and excerpts with anyone, provided that victim and witness names are redacted; wholesale cutting and pasting of the contents of witness statements is prohibited. Defense counsel must refrain from using any victim's full or actual name in any public-facing document or filing, as well as from making reference to a victim's full or actual name in any public hearing, and counsel should adhere to the naming conventions in the governing indictment or, upon further agreement, in any other manner acceptable to the government.

3.   The defendant may review "sensitive discovery material" in the presence of defense counsel, other members of counsel's firm, or counsel's investigators/contractors working on this matter. The defendant may alternatively review sensitive discovery material under the supervision of the U.S. Marshals Service in the Burlington, Vermont Federal Courthouse. The defendant may not otherwise access sensitive discovery material and may not retain, even temporarily, such material. The defendant may retain one copy of all "non-sensitive discovery material," subject to the procedures described in Paragraph 4, below, and the limitations described in Paragraphs 5-7, below, and if otherwise allowed by the rules and regulations of the Vermont Department of Corrections and of any specific facility in which the defendant may be housed.

As referenced above, "sensitive discovery material" is defined as any discovery material that falls into any of the following categories, as determined by the process set forth in Paragraph 4, below:

(1) Grand jury testimony;

(2) Other Jencks material of civilian witnesses[1] and Jencks material of law-enforcement witnesses to the extent that it includes the statements of identified civilian witnesses;

(3) *Giglio* material of civilian witnesses;

(4) Material that reveals the identity (including photographic image or voice recording) of the CI who conducted the controlled purchases from Defendant Folks and who was not previously known to him;

(5) All video media;

---

[1] Throughout, "civilian witnesses" means non-law-enforcement and non-expert witnesses.

(6) Photographic images of any civilian witnesses;

(7) Photographic images containing nudity, near nudity (e.g., lingerie), or sexually explicit conduct; and

(8) Other material that the deemed highly sensitive.

As referenced above, "non-sensitive discovery material" includes any discovery material that does not fall into one of the above-enumerated categories, as determined by the process set forth in Paragraph 4, below.

4. In order to determine what discovery material is sensitive and what is non-sensitive, the following procedures shall be followed:

(1) The government shall provide counsel for the Defendant with a searchable, sortable list of all discovery produced in this case (identified by Bates range or disk number and document description) within two days of this order. This index, in whole or in part, will not be made available to the Defendant for his retention nor will it be filed on the public docket.

(2) Counsel for the Defendant may identify materials they believe are non-sensitive and which the Defendant wishes to retain and submit a list of those identified materials to counsel for the government.

(3) Within seven days of the receipt of such a request (or within 14 days if the request amounts to more than 500 pages of material), counsel for the government shall respond to counsel for the Defendant in writing with the government's agreement or objection as to whether the identified material is non-sensitive. For those discovery materials that the government agrees are non-sensitive, counsel for the defendant may provide a copy to the Defendant for his retention, subject to the

3

terms of Paragraphs 5-7, below. To the extent that the government objects as to the sensitivity of any identified discovery materials, the government will identify, for each document or disk, the category of sensitive material it believes applies. If the government believes the document or disk constitutes sensitive material pursuant to Category 8, the government will provide a narrative justification.

(4) Should counsel disagree about whether certain discovery material are sensitive or non-sensitive, defense counsel shall not provide a copy to the Defendant for his retention but may submit a request for a determination to the Court, to which counsel for the government may respond.

5. Defense counsel shall redact personal identifying information of civilian witnesses from any document provided to the defendant for his retention, including, dates of birth, social security numbers, home addresses, phone numbers, and email addresses.

6. The defendant shall not copy, share, disseminate, or make accessible to any other person by any means any discovery material.

7. All discovery produced by the government shall be returned to the government or destroyed within 30 days of the conclusion of the trial court or appellate proceedings. This shall include all non-sensitive material that the defense team may have provided to the defendant for his retention.

8. For purposes of these restrictions, "investigators" and "contractors" shall not include spouses, significant others, friends, or associates of defendants.

9.  A copy of this Order shall be provided by defense counsel to the defendant.

Dated at Rutland, in the District of Vermont, this __19__ day of June, 2018.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court