# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

## JOINT REPORT ON THE STATUS OF DISCOVERY
## THAT THE DEFENDANT MAY RETAIN

As required by the Court in its July 6, 2018, Entry Order (Doc. 262), counsel for the Government and Defendant Brian Folks met on Friday July 13, 2018, and conferred regarding the discovery materials that Mr. Folks may retain while incarcerated. Counsel reviewed descriptions of all of the documentary materials produced by the Government to date (over 13,000 pages), and reached an agreement as to the proper designation (either "sensitive" or "non-sensitive") of the vast majority of the materials. For example, the Government agreed that thousands of pages could be designated non-sensitive and, therefore, can be provided to the defendant for review in his cell. This includes agent reports related to the acquisition of evidence, surveillance, and other types of events that do not jeopardize witness safety in this case. The Government further agreed that by redacting some personal identifying information from other documents (bank records, for example), documents that were previously classified as "sensitive" can be made "non-sensitive" and therefore available for the defendant to review in his jail cell. The parties further agreed that numerous other documents, such as Grand Jury testimony, documents containing most types of photographs, and certain medical records, should be deemed "sensitive," and thus must be reviewed subject to the current protective order.

However, the parties fundamentally disagree as to the remaining documents. The disputed documents identify the civilian witnesses who are expected to testify against the defendant in this case, and primarily include witness statements, reports containing witness statements, affidavits in support of search warrants summarizing witness statements, and *Giglio* material about those witnesses. Other disputed documents consist of sensitive law enforcement information that is not directly relevant to the pending charges (such as investigative files of unrelated cases).

The Government believes that all of the disputed items should be deemed sensitive, as they can be classified as Jencks or *Giglio* material, or because they contain sensitive law enforcement information. *See United States v. Moore*, 322 Fed. App'x 78, 83 (2d Cir. 2009); *United States v. Rivera*, 153 Fed. App'x 758, 760 (2d Cir. 2005). Accordingly, the Government requests that the Court only permit Mr. Folks to review the disputed documents pursuant to the parameters of the Amended Protective Order issued by this Court.

The defense position is that not every document containing a witness statement or criminal record is sensitive, and that the Government must make a "particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Court, Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). The defense also notes that the materials at issue do not include audio and video recordings, which amount to hours of material and which Mr. Folks is not permitted to retain in the facility in which he is being detained. As a result, all of this material must be reviewed in the presence of counsel, and is in addition to the thousands of pages that are currently characterized as sensitive under the Amended Protective Order.

Counsel for both parties estimate that the materials in dispute amount to between 2000-2500 pages of documents.  The parties estimate that approximately 9000 pages are available for review by the defendant in his cell.  The remaining documents were designated "sensitive," and must be reviewed pursuant to the Amended Protective Order.

Counsel for the Government and Mr. Folks have identified those documents about which they cannot agree, and can provide a copy on disk of those documents to the Court for its review *in camera*.  The parties agree that a hearing before the Court is necessary to resolve the parties' disagreement, and request such a hearing as soon as practicable.

Dated at Burlington, Vermont this 18th day of July, 2018.

For the Government:

By: */s/ Abigail E. Averbach*
Abigail E. Averbach
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
abigail.e.averbach@usdoj.gov

By:  */s/ Jared Fishman*
Jared Fishman
Special Litigation Counsel
Emily Savner
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
601 D Street, NW, 5th Floor
Washington, DC 20530
Telephone: (202) 353-4081
Jared. Fishman2@usdoj.gov

For Defendant Brian Folks:

By:  */s/ Mark Kaplan*
Mark A. Kaplan, Esq.
KAPLAN & KAPLAN
95 St. Paul Street, Suite 405
Burlington, Vermont 05402
(802) 651-0013

By: */s/ Natasha Sen*
Natasha Sen
Attorney
P.O. Box 193
Brandon, Vermont 05733
(802) 825-6385

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Crim. No. 5:16-CR-94-1 |
| BRIAN FOLKS,<br>    Defendant. | |

<u>Certificate of Service</u>

I certify that on July 18, 2018, I caused a copy of the *Joint Report on The Status of Discovery That the Defendant May Retain* to be sent to Natasha Sen and Mark Kaplan, counsel for Defendant, via ECF.

By: *s/ Jared Fishman*
JARED FISHMAN
Special Litigation Counsel
Civil Rights Division, Criminal Section
U.S. Department of Justice
601 D Street, NW, 5th Floor
Washington, DC 20530
Telephone: (202) 598-1877
Jared.Fishman2@usdoj.gov