# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

## DEFENDANT'S MOTION TO STRIKE SURPLUSAGE IN THE FOURTH SUPERSEDING INDICTMENT

Defendant Brian Folks moves to strike certain language contained in Counts 10, 11, 12, 13, 14 and 15 of the Fourth Superseding Indictment (Doc. 124). These counts describe individual witnesses as "Victims." Mr. Folks believes that this description of these individuals is highly prejudicial. Accordingly, Mr. Folks asks the Court to strike this language and to have these individuals referenced by their actual names, or, by their first name and last initial.

## I. BACKGROUND

The Fourth Superseding Indictment alleges against Mr. Folks six drug trafficking counts; one count of being a felon in possession of a firearm; six sex trafficking counts; and one count of using the facilities of interstate commerce to promote prostitution. The six sex trafficking counts, Counts 10-15, refer to the individuals related to each of these counts as "Victims." *See* Fourth Superseding Indicitment, Counts 10-15 (Doc. 124) (describing individuals as "Victim A; Victim B; Victim C; Victim D; and Minor Victim E."). Count 10 reads:

> Between in or about June 2012 and in or about August 2014, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Victim A, knowing an in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause Victim A to engage in a commercial sex act.

Fourth Superseding Indictment at 12 (Doc. 124). Counts 11, 12, 13 and 14 track this language over different time periods as related to Victims B, C, and D. *See* Fourth Superseding Indictment at 13-16 (Doc. 124). Count 15 sets forth a slightly different charge:

> Between in or about May 17, 2013 and in or about May 18, 2013, in the District of Vermont, the defendant, BRIAN FOLKS, aka "Moe," aka "Moet Hart," knowingly, in and affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Minor Victim E, knowing and in reckless disregard of the fact, and having had reasonable opportunity to observe Minor Victim E, that Minor Victim E had not attained the age of 18 years and would be caused to engage in a commercial sex act.

Fourth Superseding Indictment at 17 (Doc. 124).

## II. THE INDIVIDUALS IN COUNTS 10-15 SHOULD NOT BE DESCRIBED AS VICTIMS

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Cr. P. 7(d). "The purpose of Rule 7(d) is to protect the defendant against prejudicial allegations of irrelevant facts." *United States v. Miller*, 26 F.Supp.2d 415, 420 (N.D.N.Y. 1998). "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are 'not relevant to the crime charged and are inflammatory and prejudicial.'" *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990) (quoting *United States v. Napolitano*, 552 F.Supp. 465, 480 (S.D.N.Y. 1982)). The trial court has wide discretion in deciding a motion to strike surplusage. *United States v. Courtney*, 257 F.2d 944, 947 (2d Cir. 1958).

Here, describing the individuals in Counts 10-15 as victims suggests to the jury that these individuals are, in fact, victims of an offense committed by Mr. Folks. The problem with this formulation is that it is for the jury to decide whether any of the individuals identified in Counts 10-15 are, in fact, victims. The language of the Fourth Superseding Indictment does not track

the statute here, which refers to "a person" who the defendant "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means. . .to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a). Employing the term victim in the charging document prejudges Mr. Folks as guilty, and is highly prejudicial.

Moreover, the use of the term "victim" is not relevant to the offense charged. It does not help the jury understand the statute or the conduct it encompasses. The defense does not see how using the term victim provides any clarity to the allegations set forth in the Fourth Superseding Indictment. To the extent that the Government is concerned about protecting these individuals from harassment or humiliation, there are neutral ways to accomplish this. At this point, unless the Government can articulate specific reasons why the names of these individuals should remain confidential, Mr. Folks asks that the Fourth Superseding Indictment reflect the names of the individuals related to each of the six counts, or, in the alternative, be identified by some other means – using partial initials, for example.

For the foregoing reasons, Mr. Folks respectfully asks the Court to strike the prejudicial term "victim" from Counts 10-15, and to replace this term with either the name of the individuals or some shortened version of their names.

Dated at Brandon and Burlington, Vermont this 1st day of October, 2018.


By: __/s/ Mark Kaplan_____      By: __/s/ Natasha Sen_____
    Mark A. Kaplan, Esq.                    Natasha Sen
    KAPLAN & KAPLAN                         Attorney
    95 St. Paul Street, Suite 405           P.O. Box 193
    Burlington, Vermont 05402               Brandon, Vermont 05733
    (802) 651-0013                          (802) 825-6385
    Counsel for Brian Folks                 Counsel for Brian Folks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

# CERTIFICATE OF SERVICE

I certify that on the 1st day of October, 2018, I filed **Defendant's Motion to Strike Surplusage in the Fourth Superseding Indictment** by electronically filing it via the CM/ECF system, which will provide notice to Assistant U.S. Attorney Abigail Averbach via abigail.e.averbach@usdoj.gov, Special Litigation Counsel Jared Fishman via Jared.Fishman2@usdoj.gov, and Trial Attorney Emily Savner via emily.savner@usdoj.gov.

By: */s/ Natasha Sen*
Natasha Sen
Attorney
P.O. Box 193
Brandon, Vermont 05733
(802) 825-6385