# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

### DEFENDANT'S MOTION *IN LIMINE* ON THE USE OF EXTRINSIC EVIDENCE TO IMPEACH UNDER FRE 613(b)

Defendant Brian Folks submits this memorandum regarding the use of extrinsic evidence to impeach the credibility of witnesses during cross-examination. During the cross-examination of prosecution witnesses Mandy L. and Mary P., the Government objected to the defense reading the witnesses' prior inconsistent statements, after defense counsel had confronted these witnesses with these statements and provided them an opportunity to explain or deny the statements. Under Federal Rule of Evidence 613(b), a party may introduce extrinsic evidence of inconsistent statements to impeach witnesses' credibility. Mr. Folks raises this issue now, in the midst of trial, seeking clarification from the Court as to how inconsistent statements can be used for impeachment going forward.

"When examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney." Federal Rule of Evidence 613(a). "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." Federal Rule of Evidence 613(b); *see also United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (explaining that "[a] witness's prior statement may be offered to impeach that witness's credibility if (1) the statement is

inconsistent with the witness's trial testimony, (2) the witness is afforded an opportunity to deny or explain the same, and (3) the opposing party is afforded the opportunity to cross-examine the witness thereon."). "'[S]tatements need not be diametrically opposed to be inconsistent.'" *Strother*, 49 F.3d at 874 (quoting *United States v. Agajanian*, 852 F.2d 56, 58 (2d Cir. 1998)). "[A] third party's characterization of a witness's statement can constitute a prior statement of the witness where the witness has 'subscribed to that characterization.'" *Strother*, 49 F.3d at 875 (quoting *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992)). "Extrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement." *Strother*, 49 F.3d at 876 (citations omitted).

For example, in a case where a defense witness testified that he had not spoken to his brother on the phone while the brother was in jail, in rebuttal, the government was permitted to play the recording of this witness's phone call to his brother. *See United States v. Feliciano*, 761 F.3d 1202, 1209-1210 (11th Cir. 2014); *see also United States v. Demosthene*, 334 F.Supp.2d 378, 381-82 (S.D.N.Y. 2004) (ruling that the defendant could play a tape recording to impeach the government's cooperating witness if the witness "denies having made the statements he made in the taped recording or directly contradicts statements made therein.").

Accordingly, the defense should be permitted to introduce evidence of prior inconsistent statements during cross-examination, after confronting witnesses with these statements, and allowing the witnesses to deny or explain those statements. In this case, these prior inconsistent statements are prior grand jury testimony, recorded police interviews, and proffer reports prepared by the Government. All of these materials have been provided to Mr. Folks by the Government, and the Government is well aware of its witnesses' own statements. To the extent that the Government witnesses' trial testimony contradicts or is inconsistent with these

witnesses' prior statements, the defense submits that it should be permitted to introduce these prior inconsistent statements as impeaching evidence under Rule 613(b), after the witness is given the opportunity to explain or deny the statement.  Mr. Folks respectfully asks the Court to consider this issue before testimony resumes on Monday, April 29, 2019.

Dated at Brandon and Burlington, Vermont this 28th day of April, 2019.

By:   /s/ Mark Kaplan
     Mark A. Kaplan, Esq.
     KAPLAN & KAPLAN
     95 St. Paul Street, Suite 405
     Burlington, Vermont 05402
     (802) 651-0013
     Counsel for Brian Folks

By:   /s/ Natasha Sen
     Natasha Sen
     Attorney
     P.O. Box 193
     Brandon, Vermont 05733
     (802) 825-6385
     Counsel for Brian Folks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of April, 2019, I filed **Defendant's Motion *In Limine* on the Use of Extrinsic Evidence to Impeach under FRE 613(b)** by electronically filing it via the CM/ECF system, which will provide notice to Assistant U.S. Attorney Bill Darrow via Bill.Darrow@usdoj.gov, Trial Attorney Emily Savner via emily.savner@usdoj.gov, and Special Litigation Counsel Matthew Grady via Matthew.Grady@usdoj.gov.


By: */s/ Natasha Sen*
       Natasha Sen
       Attorney
       P.O. Box 193
       Brandon, Vermont 05733
       (802) 825-6385