UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

MOTION FOR PERMISSION TO FILE OVERSIZE *PRO SE* BRIEF AND REQUEST
TO ENLARGE TIME FOR FILING *PRO SE* BRIEF TO DECEMBER 18, 2019

Defendant Brian Folks, through counsel, seeks permission to file an oversized *pro se* Motion for Reconsideration of the Court's Opinion and Order on Defendant's Motion for Judgment of Acquittal, filed on November 4, 2019 ("Order"). ECF 520. Folks also seeks to enlarge time to file his *pro se* motion today, December 18, 2019. Defense counsel requests that the Court grant this motion for the following reasons.

1. Permitting *pro se* filings, along with counseled briefs, is an accepted practice in district and appellate courts. *See e.g.*, *Mitchell v. Senkowski*, 489 F.Supp.2d 147, 150 (2006); *United States v. Santillan*, 746 Fed. App'x 53, 57-58 (2d Cir. 2018) (reviewing ineffective assistance of counsel claim presented in *pro se* brief); *United States v. Rivera*, 679 Fed. App'x 51, 54-56 (2d Cir. 2017) (reviewing *pro se* brief's sufficiency challenges to the guilty plea and sentencing claims that Hobbs Act robbery is not a "crime of violence" per 18 U.S.C. § 924(c) and that the sentence imposed was substantively unreasonable); and *United States v. Chibuko*, 744 F.3d 259, 267 (2d Cir 2014) (reviewing *pro se* brief's challenges to the conviction).

2. Mr. Folks' defense counsel have communicated with Mr. Folks about the additional issues that he would like to raise in a Motion for Reconsideration. Consistent with defense

counsels' ethical obligations, defense counsels' Motion for Judgment of Acquittal was limited to issues that defense counsel believe fall within the scope of a Rule 29 challenge to the sufficiency of the evidence and a Rule 33 motion for new trial.  Mr. Folks has informed defense counsel that he wishes the Court to reconsider its Order in light of the additional issues and arguments he wishes to present in his Motion for Reconsideration of the Court's Order.

3. All counsel support allowing Mr. Folks to file a *pro se* brief so that all of the issues that concern Mr. Folks are heard by the Court.  Permitting Mr. Folks to submit his *pro se* brief would increase Mr. Folks' faith in the judicial system by giving full consideration to the issues that Mr. Folks deems important.  Further, as noted by this Court in its Order, "Defendant and his counsel have had a strained relationship and a history of disagreements as to decisions made during and after trial." *See* Order at p. 27 (citing ECF 512).  In order to ensure that these tensions do not undermine the relationship between counsel and Mr. Folks, counsel requests that the Court exercise its discretion and allow Mr. Folks to file his *pro se* brief.

4. Mr. Folks has asked defense counsel to file this motion for permission to file his *pro se* Motion for Reconsideration and all defense counsel support granting this motion.

5. Counsel has conferred with the government and the government objects to this motion (1) for the same reasons it objected to the prior *pro se* filing by Folks, and (2) because the filing will be outside the December 16 deadline for a motion for reconsideration requested by Folks and granted by the Court on November 15, 2019 over the government's objection.

6. Supplemental counsel, Michelle Barth, requests that Mr. Folks be permitted to file his motion today, December 18, 2019, instead of the originally requested date of December 16, 2019 for several reasons.  First, on December 10, 2019, supplemental counsel spoke with Mr. Folks and learned that Mr. Folks was in the correctional facility's infirmary with an injury to his

right arm which hampered his ability to write. Based on his injuries, Mr. Folks needed assistance to finish his brief.[1] As such, an investigator met with Mr. Folks on two occasions so that Mr. Folks could dictate the portion of his motion that he was unable to complete on his own. Such efforts resulted in supplemental counsel receiving Mr. Folks' submission late on December 16. Second, supplemental counsel inadvertently entered the wrong due date for filing the motion for reconsideration in her calendar and likewise, misadvised Mr. Folks as to the due date for filing. Supplemental counsel had today, December 18, 2019, as the deadline for filing rather than December 16, 2019. Supplemental counsel realized the error while corresponding with the government today regarding this motion. For these reasons, supplemental counsel requests that the Court enlarge time and allow the filing of Mr. Folks' Motion for Reconsideration to today.

7. The government suffers no prejudice if the Court grants this relief. Mr. Folks, however, will suffer prejudice if the Court does not grant this relief.

8. Mr. Folks' *pro se* brief is submitted with this request for the Court's review. Per Local Rule § 7(a)(4)(A), Mr. Folks' brief's length exceeds the page limitation by seven pages. With this motion, counsel requests the Court's permission to file Mr. Folks' oversized brief.

9. As noted above, Mr. Folks provided the text for his brief to defense counsel, through an investigator who took dictation and reviewed it for accuracy with Mr. Folks. Mr. Folks asked that defense counsel format the brief as well as serve and file it electronically, without making changes to the substance. Defense counsel's contribution to the motion is limited to typing, formatting, and making any needed spelling corrections without altering the content.

WHEREFORE, it is respectfully requested that this Court issue an order granting permission to file an oversized *pro se* Motion for Reconsideration of the Court's Order on

---

[1] Mr. Folks is currently housed at Southern State Correctional Facility in Springfield, Vermont which is approximately two hours from Burlington, Vermont.

3

Defendant's Motion for Judgment of Acquittal and to enlarge time to file his *pro se* motion to December 18, 2019.

Dated at Burlington and Brandon, Vermont this 18th day of December, 2019.

By:   /s/ *Mark Kaplan*
    Mark A. Kaplan, Esq.
    KAPLAN & KAPLAN
    95 St. Paul Street, Suite 405
    Burlington, Vermont 05402
    (802) 651-0013
    Counsel for Brian Folks

By:   /s/ *Natasha Sen*
    Natasha Sen
    Attorney
    P.O. Box 193
    Brandon, Vermont 05733
    (802) 825-6385
    Counsel for Brian Folks

By:   /s/ *Michelle Anderson Barth*
    Law Office of Michelle Anderson Barth
    P.O. Box 4240
    Burlington, Vermont  05406
    Supplemental Counsel for Brian Folks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

**CERTIFICATE OF SERVICE**

I certify that on the 18th day of December, 2019, I electronically filed **Motion for Permission To File *Pro Se* Brief and Request to Enlarge Time for Filing *Pro Se* Brief to December 18, 2019** using the CM/ECF system, which will provide notice to Assistant U.S. Attorney William Darrow via Bill.Darrow@usdoj.gov and Special Litigation Counsel Matthew Grady via Matthew.Grady@usdoj.gov.

By: S/Michelle Anderson Barth
Supplemental Counsel for Defendant