UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN FOLKS | No. 2:16-cr-94-1 |

### OPPOSITION OF THE UNITED STATES TO FOLKS' MOTION TO CONTINUE SENTENCING

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, opposes the "Defendant's Motion to Continue Sentencing," filed January 10, 2020.  *See* Docket No. 535.

The defendant seeks to continue sentencing in this matter by 60 days in order to respond to the Pre-Sentence Investigative Report (PSR) and submit a sentencing memorandum.  This would extend the defendant's sentencing, currently set for February 3, 2020, until on or about April 3, 2020.[1]  If approved, the defendant's sentencing would then be set to occur almost one year after his trial began in April 2019.

The grand jury first indicted the defendant in July of 2016 with numerous counts of conspiracy to distribute and to distribute and possess with the intent to distribute heroin and cocaine base.  *See* Docket No. 512.  Superseding indictments followed, charging the defendant with sex trafficking and the knowing possession of a firearm by a convicted felon.  *Id*.  Several trial continuances were granted as the defendant went through four separate sets of counsel prior to trial, each resulting in significant delays in the prosecution of the defendant's case.  *Id*.  At this point, the defendant's many victims, the public, multiple law enforcement agencies, and the

---

[1] The defendant requested that sentencing be continued until March 3, 2020, but requested 60 additional days and not 30 days.  The government assumes that the defendant meant for sentencing to be continued until April 3, 2020.

1

government have been awaiting final judgment in this case for nearly nine months.  *See also* Docket No. 508 (cataloging the delay that has already occurred from July 2016 to September 2019 and its resulting effect).

The defendant's trial attorneys drafted comprehensive pre and post-trial motions on the defendant's behalf, litigated those motions before and during trial, and have a thorough understanding of the trial evidence since they have been active participants in the entire process. *See* Docket No. 512, at 4.  As such, it seems that the primary basis for the continuance request is the defendant's personal feeling "that he needs more time to review the [PSR]."  *See* Docket No. 535, at 1.  Given his past *pro se* filings, it is unlikely that the defendant will ever feel that he has had sufficient time to review and present everything related to his case to the Court. Nonetheless, the defendant's feelings should not cause another delay in a matter that has already seen numerous delays and continuances.  This Court notified the parties over three months ago that sentencing would occur on February 3, 2020, and all parties are aware of the relevant trial testimony, the defendant's background, and the sentencing factors under 18 U.S.C. § 3553.  *See* Docket No. 512, at 4.

Thus, the government requests that the Court deny the defendant's request to continue sentencing in this matter until April 2020, nearly one year after trial in this matter began.

Dated at Burlington, in the District of Vermont, January 14, 2020.

| | |
|---|---|
| CHRISTINA E. NOLAN<br>United States Attorney | ERIC DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| By: */s/ William B. Darrow*<br>WILLIAM B. DARROW<br>Assistant U.S. Attorney<br>P.O. Box 570<br>Burlington, VT 05402-0570 | By: /s/ *Matthew T. Grady*<br>MATTHEW T. GRADY<br>Special Litigation Counsel<br>Civil Rights Division,<br>Criminal Section<br>U.S. Department of Justice<br>150 M Street NE, Room 7.1132<br>Washington, DC 20530<br>(202) 514-3204<br>Matthew.Grady@usdoj.gov |