UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

## SECOND AMENDED PROTECTIVE ORDER

In view of (1) the need for the Defendant, detained at Southern State Correction Facility ("SSCF"), to review discovery prior to sentencing, (2) the fact that the Defendant faces a substantial sentence (the Presentence Report calculates a Sentencing Guideline range of life imprisonment and several offenses carry mandatory minimum 15-year terms), and (3) the extraordinarily large quantity of discovery materials produced by the government (making it very difficult for counsel to review it with the Defendant at SSCF), the Court enters this Order to allow the Defendant access at SSCF to a laptop computer containing certain discovery, which laptop will be provided by defense counsel and controlled and monitored by SSCF personnel.

This Order sets forth specifics as to the laptop computer, the Defendant's access to it inside SSCF, and the SSCF's custody, control and monitoring of the laptop and Defendant's access to it. The Court has been informed by defense counsel that the SSCF is willing to abide by this procedure and this Order. A copy of the Order shall be provided to SSCF and the Defendant by defense counsel.

1. Defense counsel will load certain discovery materials on a laptop computer. A table of contents particularizing those materials was provided to the government on May 13, 2020. The laptop computer's functions allowing information to be downloaded from it, including via the internet, CD or USB, will be disabled by the government. Prior to providing the laptop computer

to SSCF, counsel will allow the government to inspect the contents and functioning of the laptop computer. No other electronic equipment, aside from the laptop computer (and a carrying case and electrical charging cord) will be provided to SSCF and the Defendant.

2. The discovery materials to be loaded on the laptop computer are those materials provided by the government to the defense during the course of discovery in this case, with the following limitations. Materials that shall not be loaded on to the laptop computer include: (1) transcripts of grand jury testimony; and (2) video media and photographic images of civilian witnesses and any images depicting nudity or sexuality. The defendant continues to have access to the foregoing sensitive materials in the presence of counsel (who retains sole custody of them until the completion of the case, when they will be destroyed or returned to the government). The defense will comply with any Vermont Department of Corrections limitations or protocols relating to materials that SSCF inmates may access (if not covered above).

3. After the laptop computer has been prepared and inspected as above, defense counsel will provide it to the SSCF with a copy of this Order. SSCF staff will maintain the laptop in a secure location at the SSCF, and will maintain a log memorializing the dates and times when it is provided to the Defendant, and when it is returned. No-one at the facility shall be permitted access to the laptop computer except the Defendant (unless SSCF security procedures require official review of the laptop). Under no circumstances will any other inmate be permitted access to the laptop. SSCF officers will, during times deemed appropriate by SSCF, make the laptop available for review by the Defendant in a private location within the facility. During those times, the Defendant may not have access to any other electronic device, and may not access the Internet via cable, Wi-Fi, or otherwise. The laptop computer may not be attached or connected to any other external devices, including but not limited to a printer, a tablet, a scanner, or electronic storage facilities (such as

thumb-drives, hard-drives, or CD Roms). The Defendant may not show any other person (aside from defense counsel or representatives of counsel) any of the discovery materials. At the conclusion of each review session, the Defendant must return the laptop computer to SSCF staff, which will note the review session date and time on the log and replace the laptop in the secure location.

4.  With the exception of the laptop computer, nothing in this Order changes obligations of the defense and its investigators and contractors established in prior protective orders and agreements.

5.  If the Defendant is transferred to a facility other than SSCF, the SSCF will return the laptop to counsel, who may seek an order regarding the new facility.

6.  After the sentencing hearing defense counsel will retrieve the laptop computer from SSCF and "wipe" it. At that time the CD, internet, and USB capabilities may be restored.

IT IS SO ORDERED.

Dated at Burlington, Vermont this 14th day of May, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge