# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

## DEFENDANT'S SUPPLEMENTAL SUBMISSION FOLLOWING THE HEARING ON OBJECTIONS TO THE PSR

Defendant Brian Folks submits this supplemental memorandum on the issue of Katelynn's age. Currently, the Presentence Investigation Report ("PSR") assigns a two-level enhancement to Count Group 2, in connection with Count Ten, the sex trafficking of Katelynn. *See* PSR ¶ 124. As the defense indicated at the June 18, 2020 hearing on PSR objections, this memorandum outlines the evidence related to Katelynn's age at the time of this offense. She was not a minor.

Katelynn's birthday is March 11, 1995. *See* Tr., Trial Day Six, Vol. I at 35 (May 1, 2019). She testified that she met Mr. Folks in the spring, and according to her recollection, it was spring of 2012. *See id*. at 37. Aside from her testimony, the evidence in this case is that she met Mr. Folks in the spring of 2013.

Katelynn says that at the time that she met Mr. Folks, she also met Nikki. *See* Tr., Trial Day Six, Vol. 1 at 40. Nikki is one of the fake names that Jasmine used when working as a prostitute. *See* Tr., Trial Day Six, Vol. II at 67 (May 1, 2019). According to Jasmine, she first started working with Mr. Folks after the birth of her son in October 2012; she testified that her son was a "couple of months" old. Tr., Trial Day Six, Vol. II at 61-62. The Government did not question Jasmine's recollection on this timing.

Katelynn testified that Nikki "pretty much taught me everything." Tr., Trial Day Six, Vol. 1 at 40-41. Katelynn's recollection is that she worked with Mr. Folks "for a couple of months" and that it ended in the summer or fall of 2012. Tr., Trial Day Six, Vol. 1 at 67. According to Katelynn's testimony, she left before Jasmine ever started working with Mr. Folks. That is contrary to the evidence.

In attempting to clarify the timing of when Katelynn met Mr. Folks, on cross-examination, defense counsel showed Katelynn a photograph taken when she worked with Mr. Folks. *See* Tr., Trial Day Six, Vol. II at 14-18; Def. Ex. 078-1. She admitted that she was in the photograph, with another woman named Nita. When asked about the date of the photograph, which shows that it was taken in July 2013, Katelynn's response is that she was in New York City and that she worked with Mr. Folks in 2012 when she was 17. *See* Tr., Trial Day Six, Vol. II at 18. Katelynn's testimony is not supported by any evidence in this case. She was 18 years old when she worked with Mr. Folks, her testimony notwithstanding.

Katelynn's memory cannot be trusted. As well-established at trial, she admitted that she repeatedly lied while testifying under oath before the grand jury, including, lying about using drugs before her grand jury appearance. *See, e.g.,* Tr., Trial Day Six, Vol. I at 73-74, 80-83, 85. She also could not accurately recall her own testimony from the morning. As the transcript clearly shows, on direct examination, when asked about Mr. Folks and guns, Katelynn testified that Mr. Folks "would keep the clip in the center console and the gun in the trunk." Tr., Trial Day Six, Vol. 1 at 60. The prosecutor reviewed this with her.

> Q. Which part would be in the trunk?
> A. The gun.
> Q. And which part would be in the glove box?
> A. The clip.
> Q. Okay. Do you remember talking about this before?
> A. Yes.

>   Q. Did you tell me it was the other way around?
>   . . .
>   A. I don't remember.

Tr., Trial Day Six, Vol. I at 61. On cross-examination, when confronted with her earlier testimony about the gun in the trunk and the clip in the console, Katelynn insisted that "I'm pretty sure I said different." Tr., Trial Day Six, Vol. II at 19-20. Katelynn's testimony is unreliable, and her insistence that she worked for Mr. Folks in 2012, when she was 17, is not corroborated by any other evidence.

      Accordingly, the two-level enhancement for use of a minor with respect to Count 10 should not apply in this case.

Dated at Burlington and Middlebury, Vermont this 26th day of June, 2020.


By: __/s/ Mark Kaplan_____
    Mark A. Kaplan, Esq.
    KAPLAN & KAPLAN
    95 St. Paul Street, Suite 405
    Burlington, Vermont 05402
    (802) 651-0013
    Counsel for Brian Folks

By: __/s/ Natasha Sen_____
    Natasha Sen
    Attorney
    P.O. Box 871
    Middlebury, Vermont 05753
    (802) 825-6385
    Counsel for Brian Folks

By: __/s/ Michelle Anderson Barth___
    Michelle Anderson Barth
    Law Office of Michelle Anderson Barth
    P.O. Box 4240
    Burlington, Vermont  05406
    (802) 448-2475
    Supplemental Counsel for Brian Folks

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

## CERTIFICATE OF SERVICE

I certify that on the 26th day of June, 2020, I filed **Defendant's Supplemental Submission Following the Hearing on Objections to the PSR** by electronically filing it via the CM/ECF system, which will provide notice to Assistant U.S. Attorney Bill Darrow via Bill.Darrow@usdoj.gov and Special Litigation Counsel Matthew Grady via Matthew.Grady@usdoj.gov.

By: _/s/ Natasha Sen_
Natasha Sen
Attorney
P.O. Box 871
Middlebury, Vermont 05753
(802) 825-6385