UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:16-CR-94-1 |
| BRIAN FOLKS | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SUPPLEMENTAL
SUBMISSION FOLLOWING THE HEARING ON PSR OBJECTIONS

The evidence indicates that Katelynn was a minor when she first met Folks. Folks thereafter immediately directed Katelynn to prostitute for his financial benefit. Accordingly, the Presentence Investigation Report ("PSR") properly assigned Folks a two-level enhancement for using a minor to commit a crime pursuant to U.S.S.G. § 3B1.4.

Katelynn was born on March 11, 1995, meaning that she turned eighteen on March 11, 2013. Tr., Trial Day Six, Vol. I at 35. Katelynn testified that she was seventeen when she met Folks in the Spring. *Id*. at 37. Katelyn further agreed that early 2012 sounded about right as far as when she met Folks. *Id*. According to Katelynn, Folks specifically knew her age because his girlfriend at the time found her birth certificate and told Folks that Katelynn was seventeen. *Id*. at 45. Katelynn's birth certificate was among the possessions that she had at the time, as she had two pillow cases full of clothes and no other form of identification other than her birth certificate. *Id*. at 46. In essence, Katelynn gave Folks her birth certificate to ensure he could safeguard it so that it would not become lost. *Id*.

Folks recruited Katelynn to prostitute for him, claiming that she would make more money with him to sustain her drug habit. *Id*. at 37-40. Katelynn agreed to this, and she began living in various hotel rooms with Folks to engage in prostitution after being kicked out of her mother's

1

house.  *Id*. at 40.  Over time, Folks referred to Katelynn as his "main bitch" because she made the most amount of money prostituting for him.  *Id*. at 49.  One of the first women that Katelynn met who also prostituted for Folks happened to be "Nikki."  *Id*. at 40-41.  Ultimately, Katelynn estimated that she prostituted for Folks for a couple of months, and stopped her association with him at the end of summer or early fall.  *Id*. at 67.

Jasmine testified that one of her prostitution names was "Nikki," and she identified Katelynn as one of the women who she worked most closely with while she prostituted for Folks' financial benefit.  Tr., Trial Day Six, Vol. II at 64-67.  In fact, Jasmine clarified that she had never met Katelynn before until she met her through Folks.  *Id*. at 105.  Jasmine testified that her son was born in October 2012, and that she met Folks a couple of months after her son was born.  *Id*. at 61-62.  Jasmine remembered that Katelynn was already prostituting for Folks at the time that she met Folks and started prostituting for him.  *Id*. at 83-84 & 105-106.  Jasmine testified that she left Folks in June 2013, and that Katelynn was still prostituting for him when she left.  *Id*. at 103-104.

In addition to the testimony referenced above, law enforcement agents recovered electronic evidence related to Katelynn from Folks' computer and introduced it into evidence at his trial.  *See*, *e.g.*, Gov't Ex. 51B.  For example, images recovered from Katelynn's folder within Folks' computer showed Backpage screenshots that were taken in April 2013.  *Id*.  Other images of Katelynn were taken later that summer, such as June and July 2013.  *Id*.  All of these images depicted Katelynn posing in hotel rooms.  *Id*.  A couple images of Katelynn were taken as late as September 2013.  *Id*.

While Katelynn might have been mistaken as to when she exactly began prostituting for Folks, the evidence referenced above collectively demonstrates that she was seventeen when she

2

met and began prostituting for him. Folks focuses all of his pleading on Katelynn's credibility, arguing that her memory cannot be trusted. *See* Docket No. 564, at 2-3. However, Jasmine's testimony supports Katelynn's testimony that she prostituted for Folks prior to turning eighteen in March 2013. For example, Jasmine puts Katelynn with Folks in late 2012 or early 2013 by virtue of the fact that Jasmine met Folks a couple of months after her son's birth in October 2012, and she met Katelynn at the time. Folks does not question Jasmine's memory, likely because her memory was unambiguous since she anchored her dates around significant life events such as the birth of her son and pictures she posted of her son on social media. The electronic evidence recovered from Folks' computer also supports Katelynn's timeline, as there were no images of Katelynn in Government Exhibit 51B that were taken after September 2013, supporting Katelynn's testimony that she left Folks sometime in late summer or early fall.

In sum, the totality of the trial evidence shows that Katelynn met Folks when she was seventeen. This likely occurred in late 2012 or early 2013 based upon Jasmine's unambiguous testimony that she prostituted for Folks from a couple of months after her son was born in October 2012 until she left Folks in June 2013. Either way, it occurred prior to March 2013 when Katelynn turned eighteen. Therefore, Folks should receive the two-level enhancement under U.S.S.G. § 3B1.4 for using a minor to commit a crime.

Dated at Burlington, in the District of Vermont, June 29, 2020.

| | |
|---|---|
| CHRISTINA E. NOLAN<br>United States Attorney | ERIC DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| By: */s/ William B. Darrow*<br>WILLIAM B. DARROW<br>Assistant U.S. Attorney<br>P.O. Box 570<br>Burlington, VT 05402-0570 | By: */s/ Matthew T. Grady*<br>MATTHEW T. GRADY<br>Special Litigation Counsel<br>150 M Street NE, Room 7.204<br>Washington, DC 20530 |