UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:16-CR-94 |
| | : | |
| BRIAN FOLKS | : | |

**POST HEARING MEMORANDUM REGARDING DEFENDANT'S DISCOVERY REQUESTS**

---

Defendant, in the above noted caption, hereby files this post-hearing memorandum regarding his discovery concerns.

As the Court may recall, at the last hearing on June 18, 2020, Mr. Folks voiced concerns regarding his access to certain discovery items that are not available to him on the provided laptop containing his discovery. The Court informed Mr. Folks that he could place his concerns before the Court in a pleading prepared by him or with the assistance of his counsel. The following are Mr. Folks' concerns from a letter provided to his counsel. The undersigned has taken the content of Mr. Folks' letter and summarized his concerns in this pleading per his request and reviewed this pleading with him.

**I.   Mr. Folks has concerns regarding his restricted access to the laptop computer at his facility.**

Mr. Folks is not permitted review of the material on the laptop computer in his cell. He is permitted a maximum of two hours a day, Monday through Friday (excluding holidays) to view the material in a small room used for attorney visits in the front of the facility. Mr. Folks notes that people walking by can casually look in the window of the room and they could, if they wanted, read what Mr. Folks is reviewing. Mr. Folks also notes that due to the location of the room, it is a

high traffic zone because it is where medical gowns and masks are being made.  Finally, Mr. Folks shares that if there is any sort of problem at the facility, his time with the laptop is held up or cancelled altogether.  He requests longer and more private access to the laptop computer.

**II.      Mr. Folks requests the following items be made available on the laptop computer.**

The discovery on the laptop, according to Mr. Folks, is not very useful because the majority of the discovery involves people who were not witnesses at his trial and therefore irrelevant to his case, sentencing, and any appeal he may pursue.  He notes that the only helpful items on the laptop are some statements from some testifying witnesses which he states that he has not seen previously.

> **A.      The majority of the government's Facebook evidence is missing from the laptop computer.**

Mr. Folks notes that the laptop contains approximately 6,333 pages of heavily edited Facebook material.  However, there were over 26,000 pages in the government provided discovery.  As such, he is missing the majority of the Facebook records and requests access to all of them.  He also notes that the Facebook pages he has been provided have been edited in such a way as to be virtually unusable—he cannot see the date in which a correspondence occurred or the person with whom he was alleged to have corresponded.  As such, he asks that the date and author/receiver are not redacted from the Facebook records.

Mr. Folks believes these records are vital to his research because there were statements made on Facebook that he believes would help support a downward departure or variance for sentencing.  He also notes that he believes that the government has ongoing access to his Facebook account but that he does not have such access.

**B.      Discovery provided to counsel shortly before trial is missing from the laptop computer.**

Approximately two years before his trial began, Mr. Folks notes that he requested certain information tied to dates related to Backpage.com advertisements. He believes such material was eventually provided to his attorneys approximately five days before his trial began. He states that he never saw this material and in any event, it is missing from the laptop.

**C.      The pictures used by the government at trial, and the metadata accompanying those pictures, are not available on the laptop computer.**

At trial, the government used a number of pictures and they are missing from the laptop. Mr. Folks also requests the meta data that goes along with those pictures. The meta data puts a timeframe on certain events and is relevant to his defense at sentencing, and later, his appeal.

**D.      The government's exhibits at trial are not available on the laptop computer.**

The government's exhibits at trial are missing from the laptop. Mr. Folks wants to review them and states that when some of the exhibits were presented at trial, he did not have the opportunity to view them because they were not published on the screens at the defendant's table.

**III.    Conclusion**

In sum, Mr. Folks would like more time with the provided laptop and the ability to review his discovery material in a more private location, like his cell. Mr. Folks further requests that the above listed items currently missing from the laptop be added to it as soon as possible so that he can properly assist in his defense.

Dated July 8, 2020                                                                                    <u>Brian Folks</u>

                                                                                                              Defendant

4

Prepared at defendant's request in Burlington, Vermont on July 8, 2020:

By: __/s/ *Michelle Anderson Barth*___
      Law Office of Michelle Anderson Barth
      P.O. Box 4240
      Burlington, Vermont  05406
      Supplemental Counsel for Brian Folks