```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT


UNITED STATES OF AMERICA       :
                               :
         v.                    :     Case No. 2:16-cr-94
                               :
BRIAN FOLKS,                   :
                               :
         Defendant.            :
```

**OPINION AND ORDER: DEFENDANT'S *PRO SE* MOTION FOR RECONSIDERATION**

(ECF 528)

On May 9, 2019, Defendant Brian Folks was convicted by a jury of human trafficking and drug trafficking offenses. After trial, defense counsel moved for acquittal and/or a new trial. The Court denied the motion on November 4, 2019, and Defendant has filed a *pro se* motion for reconsideration of the Court's Opinion and Order. For the reasons set forth below, Defendant's motion for reconsideration is **denied.**

**Background**

Folks and two codefendants were charged in a fourteen count Indictment (conspiracy to distribute heroin and cocaine base; being a felon in possession of a firearm; interstate travel in aid of racketeering; multiple counts of distribution of, and possession with intent to distribute, narcotics; and multiple counts of sex trafficking).  In the course of the 11-day trial, the Government called over 20 witnesses and introduced 150 exhibits.  At the close of the Government's case, defense

1

counsel moved under Rule 29 of the Federal Rules of Criminal Procedure for a judgment of acquittal on Counts Eleven, Twelve, and Fifteen. The Court preliminarily denied the motion and requested briefing as it related to Count Fifteen. During the defense case, counsel called seven witnesses (including Folks himself) and introduced over 20 exhibits. At the close of the defense case, Folks renewed his motion for judgment of acquittal. The Court again denied the motion and allowed the charges to be considered by the jury.

On May 9, 2019, the jury returned guilty verdicts on 13 of the 14 counts in the Fourth Superseding Indictment. On July 29, 2019, defense counsel filed a post-trial motion for acquittal. Folks subsequently filed a *pro se* brief supplementing the arguments raised by counsel. On November 4, 2019, the Court denied the post-trial motion on Counts 1, 10, 12-14, and 15 in a 54-page Opinion and Order. The Court granted the motion as to Count 11.  ECF No. 520. Folks has filed a *pro se* motion for reconsideration of the Court's Opinion and Order. ECF No. 528.

## Standard of Review

Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti,* 457 F. Supp. 2d 385, 388 (S.D.N.Y.

2

2006). In such cases, district courts have assessed the motions under the civil reconsideration standard. *United States v. Smith*, 105 F. Supp. 3d 255, 258 (W.D.N.Y. 2015) (quoting *United States v. Larson*, 197 L.R.R.M. 2753, 2013 U.S. Dist. LEXIS 169088, at *5 (W.D.N.Y. Nov. 23, 2013)). Reconsideration is generally justified when there is: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted).

## Discussion

Defendant does not state a valid ground for reconsideration in his motion. He does not assert an intervening change in controlling law, he does not point to new evidence, he does not

assert a need to correct a clear error of law and he does not assert a manifest injustice. Folks raises no new issues of evidence or law that were not present while he was represented by counsel at trial or considered in the Court's November 4, 2019 order.

Instead, Defendant continues to argue about the credibility of witnesses, including Katelynn C., Keisha W., Danielle M., Hannah A., and Ayla L. However, as the Court stated in its November 4, 2019 order, "a Rule 29 motion does not allow the Court latitude to question credibility or assign weight to the evidence by substituting its judgment for that of the jury." ECF No. 520 at 39 (citing *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003)). In its prior order, the Court found that there was "ample testimony" upon which a jury could have rationally decided Count 10 with regard to Katelynn C. (ECF No. 520 at 36); "sufficient evidence" for a rational jury as to Count 12 concerning Keisha W. (*id.* at 40); "considerable support" for a conviction on Count 13 with regards to Danielle M. (*id.* at 41); "considerable support for the jury's finding" as to Count 14 concerning Ayla I. (*id.* at 43); and "enough evidence in the record for a jury to have rationally determined the defendant's guilt beyond a reasonable doubt" for Count 15 concerning Hannah A (*id.* at 44).

Defendant also argues that there was exculpatory data on his computer that remained undiscovered. However, as the Court noted in its November 4, 2019 order, it has already denied motions on that issue. ECF No. 520 at 53-54 (citing ECF No. 447). Defendant repeats his prior argument that there was new adverse testimony during the trial, and that he could have refuted the statements had he known of them prior to trial. However, as the Court ruled previously, "Defendant cross-examined all witnesses as to statements that had not been brought up prior, and the jury had the opportunity to assess witness credibility accordingly." ECF No. 520 at 53. Thus, "Defendant had a fair opportunity to rebut new adversarial testimony, and there is no evidence that he suffered real injury during the proceedings on account of the disclosures made at trial." *Id.*

The Defendant also characterizes testimony regarding violence and threats to witnesses as uncharged misconduct that may have prejudiced the jury. The Court has addressed this argument as well, ruling the testimony admissible. *See, e.g.,* ECF No. 389 (explaining that evidence that Defendant used violence and threats against women is integral to the Government's case-in-chief concerning Counts 10-14, and allowing witnesses to testify to the violence and/or threats that they experienced or personally witnessed).

The motion at issue requests reconsideration of an order on a post-trial motion for acquittal and/or a new trial. Because district courts must generally defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon" the jury's function. *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir. 1992)).  The Court has fully addressed defense arguments for post-trial relief, including challenges to witness credibility and weight of the evidence, and Folks has not satisfied the demanding standard for reconsideration of those rulings.  His motion is therefore denied.

## Conclusion

For the reasons set forth above, Defendant's motion for reconsideration is **denied.**

DATED at Burlington, in the District of Vermont, this 16th day of September, 2020.


                                    /s/ William K. Sessions III
                                    William K. Sessions III
                                    U.S. District Court Judge