UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 SEP 13  AM 10: 55

CLERK
BY_____ /AW/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| PLAINTIFF ) | |
| ) | |
| V. ) | CASE NO. 2:16-CR-00094 |
| ) | |
| BRIAN FOLKS ) | |
| DEFENDANT ) | |

**DEFENDANT MOTION TO LIFT PROTECTIVE ORDER
AND COMPEL TRIAL ATTORNEYS TO PRODUCE
CASE FILES AND DISCOVERY MATERIALS**

PRO-SE, DEFENDANT BRIAN FOLKS, HEREBY FILE THIS MOTION PRO-SE; REQUESTING THE COURT TO LIFT THE EXISTING PROTECTIVE ORDER ON HIS CASE; AND COMPEL HIS TRIAL ATTORNEY (MARK KAPLAN) TO PRODUCE THE CASE FILES, DISCOVERY AND OTHER MATERIALS FROM HIS CASE, 2:16-CR-00094; IN ORDER FOR HIM TO BE ABLE TO PROPERLY DEVELOP THE RECORD TO MAKE HIS CLAIM IN DIRECT REGARDS TO HIS 2255 MOTION DUE APRIL 25, 2023.

A COURT IMPOSED PROTECTIVE ORDER IS CURRENTLY IN PLACE IN REGARDS TO DEFENDANT'S CASE (DOC. 162). SAID PROTECTIVE ORDER STATES THAT THE DEFENDANT CAN NOT AND WILL NOT POSSESS ANY STATEMENTS, (WRITTEN OR ORAL, GIVEN BY THE PROSECUTION'S WITNESSES, OR ANY OTHER DOCUMENT WHICH MAY IDENTIFY THEM; IN AN EFFORT TO PROTECT THEIR IDENTITIES AND WELL BEING) OUTSIDE OF THE PRESENCE OF HIS ATTORNEY'S OR THEIR AFFILLIATES. HOWEVER; DUE TO DEFENDANT'S PRO-SE STATUS, THE ELEMENTS OF THE PROTECTIVE ORDER CAN NOT BE ENFORCED. FURTHERMORE, DEFENDANT ALLEDGES THAT THE REASON FOR THE PROTECTIVE ORDER IS NOW MOOT FOR THE FACT THAT THE TRIAL HAS ALREADY COME AND GONE, AND ALL OF THE GOVERNMENT'S WITNESSES HAVE ALREADY TESTIFIED. THEREFORE, THEIR IDENTITIES AND STATEMENTS ARE NOW PART OF PUBLIC RECORD. SO TO CONTINUE RESTRICTING THE DEFENDANT TO THIS EXTREMELY LIMITED ABILITY TO ASCERTAIN THE FACTS OF HIS CASE; AND PROPERLY FILE MOTIONS TO FIGHT HIS CONVICTION, IS NOT ONLY WRONG, BUT IS A BLATANT ATTACK ON HIS 14th. AMENDMENT RIGHT WHICH GUARANTEES HIM EQUAL PROTECTION OF THE LAW, HIS 5th. AMENDMENT RIGHT TO DUE PROCESS OF LAW, AND HIS 8th. AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT. THE PROTECTIVE ORDER FURTHER VIOLATES THE PUBLIC'S FREE ACCESS TO THE COURTS INTEREST. ALSO, IN THE INTEREST OF JUSTICE, DEFENDANT

MAINTAINS THAT FREE ACCESS TO THE COURT IS A RIGHT HE WITHOUT DOUBT MAINTAINS AND SEEKS TO FULLY EXERCISE.

## EVIDENCE OF PLAUSIBLE CLAIM

DEFENDANT WAS CONVICTED OF MULTIPLE ACCOUNTS TO INCLUDE CONSPIRACY TO DISTRIBUTE 100 GRAMS OR MORE OF HEROIN, SEX TRAFFICKING, RACKETEERING, AND POSSESSION. ALL IN CONJUNCTURE WITH A THREE PERSON INDICTMENT WHICH EVENTUALLY LEAD TO FOUR SUBSEQUENT SUPERSEEDING INDICTMENTS. DEFENDANT'S CONVICTION WAS BASED ON THE STATEMENTS OF THE TWO CO-DEFENDANTS AND FOUR HEAVILY ADDICTED SUBSTANCE ABUSED WITNESSES, AND THEIR ACCOUNTS OF WHAT ALLEDGEDLY TOOK PLACE. THE REMAINING WITNESSES WERE ALL PROFESSIONALS WHO PARTICIPATED IN THE INVESTIGATIVE PART OF THE CASE.

THERE WERE NUMOROUS VERSIONS OF THE ILLEGAL EVENTS CHARGED IN DEFENDANT'S INDICTMENT, PRESENTED BY THE TWO CO-DEFENDANTS AS WELL AS BY THE FOUR GOVERNMENT WITNESSES BEFORE AND DURING TRIAL. ALTHOUGH A QUESTION OF SAID WITNESS CREDIBILITY WAS EVIDENT AT TRIAL, THE MANY DIFFERENT VERSIONS OF WHAT LEAD UP TO THE WITNESSES ACTUAL TESTIMONY ON THE STAND WAS NOT PRESENTED TO THE JURY. DEFENDANT FURTHER ALLEDGES THAT THERE WERE ADDITIONALLY, EXCULPATORY STATEMENTS MADE BY BOTH THE PROSECUTION'S WITNESSES AS WELL AS BY OTHER WITNESSES INTERVIEWED BY DEFENDANT'S INVESTIGATORS, THAT WERE NEVER PRESENTED TO THE JURY FOR CONSIDERATION.

THERE WAS ALSO AN ORAL REQUEST PRESENTED TO THE COURT BY THE DEFENDANT'S OWN DEFENSE TEAM, REQUESTING THAT THEY BE REMOVED FROM THE CASE DUE TO A CONFLICT OF INTEREST BETWEEN THE ATTORNEY AND THE DEFENDANT. ALTHOUGH, IN THIS ORAL REQUEST, THE DEFENSE ATTORNEY STATED THAT HE COULD NOT WORK WITH MR. FOLKS DUE TO THIS CONFLICT, THE REQUEST WAS DENIED AND A THIRD ATTORNEY WAS ADDED TO THE DEFENSE TEAM TO ACT AS A "BUFFER" BETWEEN THE TWO DISAGREEING PARTIES. SAID ATTORNEY (MS. MICHELLE BARTH) NEVER EVEN ATTENDED DEFENDANT'S TRIAL TO MEDIATE BETWEEN THE TWO PARTIES LEAVING DEFENDANT WITH NO CHOICE BUT TO GO TO TRIAL IN THE MIDST OF CONFLICT BETWEEN HIMSELF AND HIS TRIAL ATTORNEYS.

## REQUESTED DOCUMENTS

DEFENDANT HEREBY REQUEST TO RETAIN THE FOLLOWING DOCUMENTS; (1) THE DISCOVERY PACKET PRESENTED TO THE DEFENSE TEAM TO INCLUDE CONFLICTING WITNESS STATEMENTS, WITNESS ARREST REPORTS? PROSECUTION INVESTIGATIVE INTERVIEWS, AND

THE INITIAL WITNESS STATEMENT AND AFFIDAVIT(S) IN SUPPORT OF THE GOVERNMENT'S REQUEST FOR AN ARREST WARRANT PRESENTED TO THE GRAND JURY. (2) ALL DEFENSE INVESTIGATIVE INTERVIEW REPORTS (INCLUDING PRIVATE INVESTIGATOR REPORTS). (3) DEFENSE TRIAL EXHIBITS. (4) ANY AND ALL CORRESPONDENCE TO AND FROM DEFENDANT FROM DEFENSE ATTORNEYS. (5) TRANSCRIPT OF COURT APPEARANCE WHEN TRIAL ATTORNEY ATTEMPTED TO BE REMOVED FROM THE CASE. AND (6) TRANSCRIPT OF WHEN AND WHY THIRD ATTORNEY, MRS. MICHELLE ANDERSON BARTH, WAS ADDED TO THE CASE.

DEFENDANT'S REQUEST FOR THE ABOVE MENTIONED MATERIALS IS CRUCIAL TO DEFENDANT'S ABILITY TO HAVE A FAIR AND JUST ATTEMPT TO ADDRESS HIS CONVICTION AS IT IS HIS CONSTITUTIONALLY GUARANTEED RIGHT. FURTHERMORE, DISCOVERY IS AVAILABLE IN HABEAS CORPUS PROCEEDINGS AT THE DISCRETION OF THE DISTRICT COURT. SEE BARRON V. KEOHANE, 216 F. 3d 692 (8th CIR. 2000). DEFENDANT FURTHER MAKE THIS REQUEST IN ACCORDANCE TO 18 USCS § 8500 (A)(b)&(e)(1)(2)(3).

## CONCLUSION

IN CONCLUDING, DEFENDANT STATES, THAT LIFTING THE PROTECTIVE ORDER HE IS CURRENTLY RESTRAINED BY, AFFORDS HIM EQUAL OPPORTUNITY TO LITIGATE IN COURT IN A FAIR AND JUST MANNER ALONG SIDE THE REST OF SOCIETY. AND TO DENY THIS MOTION WOULD IN ESSENCE MAKE IT IMPOSSIBLE FOR HIM TO EXERCISE HIS CONSTITUTIONAL RIGHT TO LITIGATE IN COURT, UNIMPEEDED.

BRIAN FOLKS  11701-082
FCI BUTNER CORRECTIONAL COMPLEX 2
P.O.BOX 1500
BUTNER, NC 27509

CC   FILES