```
            UNITED STATES DISTRICT COURT
                     FOR THE
                DISTRICT OF VERMONT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cr-94-1 |
| | ) | |
| BRIAN FOLKS | ) | |

## OPINION AND ORDER

Defendant Brian Folks has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing health concerns arising out of the COVID-19 pandemic. For the reasons set forth below, his motion is denied.

## Factual Background

On May 9, 2019, a jury convicted Folks on numerous drug-trafficking and sex-trafficking charges, including sex trafficking by force, fraud, or coercion and sex trafficking of a minor. On September 21, 2020, the Court sentenced him to 270 months' imprisonment. His conviction was upheld by the United States Court of Appeals for the Second Circuit in a mandate issued January 7, 2022.

On February 25, 2022, Folks filed the pending motion for compassionate release. According to the motion, Folks suffers from a series of medical issues, including: obesity; hypertension; pre-diabetes; a sleep disorder; depression; an adjustment disorder; a heart murmur; and bad tremors. Folks

also reports that he is partially paralyzed and confined to either his bed or a wheelchair.

Folks is incarcerated at FCI Butner Medium II in North Carolina.  FCI Butner Medium II houses over one thousand inmates.  The government informs the Court that as of May 2022, there had been four inmate deaths and no staff deaths as a result of COVID-19 at that facility.

Folks tested positive for COVID-19 in January 2022.  There is no indication in the record that his illness was severe.  Folks has also received COVID-19 vaccinations.

The Court appointed the Federal Public Defender to represent Folks on his motion, and counsel has since submitted a supplemental memorandum.  Counsel's memorandum highlights prison conditions in Bureau of Prisons facilities during the COVID-19 pandemic, argues that Bureau of Prisons COVID-19 cases and outcomes are underreported, and cites case law favoring compassionate release for defendants "convicted of the most serious crimes."  ECF No. 602 at 4.

In opposing the motion for compassionate release, the government notes that Folks' projected release date is September 19, 2035, assuming he earns the maximum amount of good time credit.  He has therefore served less than half of his likely period of incarceration.  Folks cites no release plan in his motion, aside from returning home to his family, and asserts

that he can be held accountable by virtue of his long period of supervised release.

## Discussion

"A district court may, in its discretion, grant a motion for compassionate release only when the defendant has exhausted administrative remedies, demonstrated that extraordinary and compelling reasons warrant such relief, and shown that a reduced sentence is consistent with the objectives of sentencing set forth at 18 U.S.C. § 3553(a)." *United States v. Williams*, No. 21-343, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023) (citing *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021)). Here, the government does not argue lack of exhaustion. The Court will therefore focus on the alleged reasons for relief, and considerations under Section 3553(a).

In an effort to establish "extraordinary and compelling reasons" justifying relief, Folks cites his health issues and the related risk of COVID complications. In general, COVID-19 "concerns are not regarded as extraordinary and compelling reasons for compassionate release." *United States v. Martinez*, 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022). While Folks has serious medical conditions that may raise his level of risk, his recent infection and recovery suggest that the virus is not a significant threat. *See, e.g., United States v. Delorbe-Luna*, No. 18-CR-384 (VC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7,

3

2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release.").

Moreover, Folks has been vaccinated against COVID-19. The availability of vaccines, and Folks' status as vaccinated, weigh against finding that COVID-19 is an extraordinary and compelling reason for release.  *See United States v. Barraza Payan*, 2022 WL 17757779, at *4 (S.D.N.Y. Dec. 19, 2022) ("[Defendant's] vaccinated status mitigates, though it does not reduce entirely, his risk of contracting the COVID-19 virus and having serious medical conditions, and it further counsels against a finding of 'extraordinary and compelling reasons.'"); *United States v. Nosair*, 2022 WL 1104914, at *2 (S.D.N.Y. Apr. 13, 2022), *reconsideration denied*, 2022 WL 1570941 (S.D.N.Y. May 18, 2022) ("Courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that ... he does not face an extraordinary risk from COVID-19.").

Even if Folks could demonstrate extraordinary and compelling circumstances, consideration of the Section 3553(a) factors counsels against release.  Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence, and the need to protect the public from the defendant.  18 U.S.C. § 3553(a)(1), (2)(A-C).  Folks was convicted of very serious offenses involving drugs and sex trafficking.  His past criminal

history, including a prior lengthy prison sentence, did not deter him from committing those offenses. His most recent crimes involved exploiting young women, including minors, through violence and manipulation. The nature of those offenses called for, and continues to warrant, a significant term of imprisonment.

The Court considered Folks' physical infirmities, as well as the presence of COVID-19 in federal prisons, when it imposed a sentence below the applicable Guidelines range. Folks has served less than half of his sentence, which included a mandatory fifteen-year minimum. To grant compassionate release in this case would be inconsistent with the seriousness of the offenses, would undermine the deterrent nature of the sentence, and would fail to address the public safety considerations set forth in Section 3553(a).

## Conclusion

For the reasons set forth above, the emergency motion for compassionate release (ECF No. 596) is denied.

DATED at Burlington, in the District of Vermont, this 23rd day of February, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge