IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
BURLINGTON DIVISION

2025 OCT 27 PM 12: 02

BRIAN FOLKS
    Petitioner/Plaintiff

vs.

UNITED STATES OF AMERICA
    Defendant/Respondent

Civil Action No.2:16-CR-94-1

BY _UW_

---

OBJECTION TO REPORT AND RECOMMENDATION
TRAVERSE WITH MEMORANDUM OF LAW INCORPORATED
28 U.S.C. §2255
MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE

---

COMES NOW, The Petitioner, Brian Folks, in proper person, and pursuant to 28 U.S.C. §2248. And pursuant to The Rules Governing § 2255-Proceeding's For The United States District Court's Rule 5(d). Also pursuant to Federal Rules Of Civil Procedure Rule 12(c) and (d). Respectfully, moves this Honorable Court with this "OBJECTION" To the Honorable Kevin J. Doyle, U.S. Magistrate Judge's Report And Recommendation. This "Traverse" and Memorandum Of Law Incorporated is in support of the timely filed §2255-motion To Vacate Set Aside Or Correct Sentence. See, Caidor v Onondaga Cnty, 517 F.3d 601-04 (2d Cir. 2008). Petitioner,avers to the following fact's.

### FIRST OBJECTION AND CLARIFICATION OF LAW

1) In this Court's order. See, (Doc. 639, Page 28 of 56). This Court says in part;

> Folks asserts that his counsel were conflicted "to [such] an extent that [he] requested hybrid counsel." (Doc. 609-6 at 9) To substantiate this claim he references counsel's request to be "removed from the case'due to a conflict of [intenrest]' and that they 'couldn't work together because of it(Id). In their Ex Parte Motion to Withdraw as Counsel. Attorney's Kaplan and Sen explained that "[d]efense counsel and Mr. Folks have reached irreconcilable differences and Mr. Folks refuses to accept counsels advice." (Doc. 502).

2) In <u>Koon v United States</u>, 518 U.S. 81-100, 116 S.Ct. 2035 (1996). The Supreme Court explained that;

> A district court by definition abuses it's discretion when it makes an error of law.

3) Respectfully, the "conflict Of Interest" was completely ignored by the District Court. In Attorney Mark A. Kaplan's affidavit. <u>See</u>, (Doc. 625, Page 2 Of 4). Mr. Kaplan says in part;

> Mr. Folks alleges that he requested hybrid counsel which is true. It is also true that I declined to represent him in a hybrid counsel situation. I did indicate to him that he could proceed pro se if that's what he chose to do. Also it was my understanding that hybrid representation is not permissible.

4) In Attorney Natasha Sens' affidavit. <u>See</u>, (Doc. 624, Page 3 Of 5). Ms. Sen says in part;

> With respect to Mr. Folks' request to have "hybrid" counsel, where he would represent himself pro se along with trial counsel, <u>Mr. Kaplan and I discussed this with Mr. Folks. We informed Mr. Folks that he could represent himself or we could represent him, but a hybrid representation was not feasible. Mr. Folks ultimately decided to continue with our counsel.</u> I note that on several occasions we sought permission from the court to allow Mr. Folks to raise issues separately from those that we raised, and the court granted those request and ruled on Mr. Folks motions.

5) Specifically, the underlined portion of Ms. Sen's affidavit proves that Mr. Kaplan was not with her during his conversation with Petitioner. When a possible "conflict of interest" has been entirely ignored by the district court, then "reversal is automatic" <u>See</u>, <u>United States v Levy</u>, 25 F.3d 146-54 (2d Cir. 1994).

6) However, this "automatic reversal" rule applies only when a district court fails to conduct an inquiry.

STANDARD OF THE SECOND CIRCUIT

2

7) In this case, there was an "actual conflict Of Interest" prior to trial,that adversely affected counsel's performance. Also see, United States v Lorizzo, 786 F.2d 52-59 (2d Cir. 1986); United States v Malpiedi, 62 F.3d 465-70 (2d Cir. 1995); United States v Kliti, 156 F.3d 150-57 (2d Cir. 1998). The Second Circuit explained that;

> Vacating the defendant's conviction because the district court, after learning of the potential conflcit, failed to conduct a Curcio hearing and there was a potential conflict of interest that prejudiced the defendant.

8) In United States v Curcio, 680 F.2d 881-85 (2d Cir. 1982).The Second Circuit, directed that to ensure that the right to conflict., free counsel is not abridged, a district court has two distinct obligations during criminal proceeding's

> 1) To initiate an inquiry whenever it is suffic- iently apprised of even the possibility of a conflcit of interest.

9) Specifically, both attorney's Mark A. Kaplan and Natasha Sen, support that there was an "irreconcilable differences" that began in this case, prior to trial. Thus, the district court was sufficiently apprised.

> 2) To disqualify counsel or seek a waiver from the defendant whenever the inquiry reveals that there is an actual or potential confl- ict.

10) Respectfully, the district court abuse its discretion when it failed to comply with the Second Circuit's standard in Curcio,.., See, United States v Lussier, 71 F.3d 456-62 (2d Cir. 1995). The Second furtherly explained;

> We have accordingly recognized that a district court "must" under take several core duties.., when it learns of even the possibility of a conflict of interest.

11) Prior to trial, and after trial a hearing following Curcio,

was never held. Thus, "prejudice" is presumed. <u>See</u>, <u>Armienti</u>, 234 F.3d at 823. In this Court's order. <u>See</u>, (Doc. 639, Page 28 Of 56) This Court says in part;

> At the time of their request to withdraw, counsel further explained that Folks "recently filed a complaint against Attorney Kaplan with the Professional Review Board," and that although "the PRB dismissed the complaint, Mr.Folks may appeal this decision, and this places counsel and Mr. Folks in an adversarial relationship." (Id).

### HEARING PURSUANT TO CURCIO WAS NOT FOLLOWED

12) Specifically, Petitioner was denied his constitutional right's to representation by conflict free counsel. <u>See</u>, <u>Cuyler v Sullivan</u>, 446 U.S. 335-50, 100 S.Ct. 1708 (1980); <u>Strickland</u>, 466 U.S. at 692. Here, the district court "forced" Petitioner, to remain in "conflcit representation."

13) <u>See</u>, <u>William v Meachum</u>, 948 F.2d 863-67 (2d Cir. 1991). The Second Circuit has underscored the importance of an "initial" inquiry stage, in situations where a district court is confronted.., with the spector of conflicts of interest. <u>See</u>, <u>United States v Cain</u>, 671 F.3d 271-93 (2d Cir. 2012); <u>Levy</u>, 25 F.3d at 153.

14) In this Court's order. <u>See</u>, (Doc. 639, Page's 28-29 Of 56). This Court says in part;

> Nothing that "there are a number of compelling reasons to <u>deny</u> efforts to substitute counsel at this late date on account of the disruption a major change in counsel would cause." Judge Sessions denied the motion and appointed Attorney Barth "to share in the representation of Folks." (Doc 512 at 3,4) As the Court explained, "[n]ew counsel can assist in communicating with Folks in prepaing any supplemental motions and/or sentencing, while having trial counsel available to share knowledge of what happend at trial." (Id at 4).

15) Mr. Kaplan, included Ms. Barth prior to her being appointed by the Court, deliberately violating Vermont Rules Of Professional

4

Conduct Rule 1.6(a). Which says in part;

> A Lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is required by paragraph (b) or permitted by paragraph (c).

16) Here, See, (Exhibit A). In Petitioner's supplemental affidavit in paragraph's (12-13), he says in part;

> While I was incarcerated at the North West Correctional Facility. Mr. Kaplan and Ms. Barth both came to visit me. Mr. Kaplan, explained to me that "I should consider her to represent me because she is good with appeal." I explained to Mr. Kaplan that Vermont Rules Of Professional Conduct Rule 1.6(a), says that I have to give him "consent" to talk to her about my case. I never gave Mr. Kaplan "consent" to talk to her.

17) Respectfully, Mr. Kaplan deliberately brought Mr. Barth to the North West Correctional Facility, without including Ms. Sen because he knew that the "conflcit Of Interest" was so large that he thought Petitioner, would exclude Ms. Barth, but Ms. Barth is as involved in the "conflcit Of Interest" as Mr. Kaplam and Ms. Sen.

18) Mr. Kaplan, knew that the Court would not follow the procedure set forth by the Second Circuit in United States v Curcio, 680 F.2d 881-85 (2d Cir. 1982). Had the district court questioned the Petitioner, the Petitioner would not have waived his right to conflict counsel.

---

Judge Sessions, failed to follow the standard set forth by the Second Circuit "where the Court must hold a hearing and alert the defendant to potential or actual conflicts in the representation by an attorney, and allow a defendant to knowingly and voluntarily waive the potential or actual conflict, or to seek new counsel. Curcio, 680 F.2d at 881-90. Thus, Petitioner was denied his constitutional right's (5th & 6th-Amendment) to conflict free counsel. Had the district court complied with the Second Circuit's decision in Curcio, the out come of the proceeding's would have been different. Petitioner, suffered prejudice in that, he was "focred" to proceed to trial and sentencing with conflict counsel.

5

19) In this Court's Order. See, (Doc. 639, Page 29 Of 56).This Court says in part;

> "A defendant's Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict-free counsel." United States v Blau, 159 F.3d 68,74 (2d Cir. 1998). A conflict of interest may take three forms:"(1) a per se conflict requiring automatic reversal without a showing of prejudice;(2) an actual conflict of interest that carries a presumption of prejudice; and (3) a potential conflict of interest that requires a finding of both deficient performance by counsel and prejudice, under the standard established in Strickland." United States v John Doe No. 1, 272 F.3d 116-125 (2d Cir. 2001)(Citing Armienti v United States, 234 F.3d 820, 823-24 (2d Cir. 2000)). A per se conflict occurs: (1) where trial counsel is not authorized to practice law or (2) where counsel is implicated in the crime for which the defendant is on trial. See Armienti,234 F.3d at 823. Neither circumstance is present in this case. An actual conflict arises "when, during the course of the representation, the attorney's and defendant's interest diverge with respect to a material factual or legal issue or to a course of action." Id. at 824 (internal quotation marks omitted). "When counsel is burdend by an actual conflict that adversely affects performance, the defendant is not required to demonstrate prejudice; prejudice is presumed." Id.(citing United States v Levy, 25 F.3d 146, 155 (2d Cir. 1994)). "To prove adverse effect, the defendant must 'demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interest." Id. (quoting Levy, 25 F.3d at 157).

### WHY NO MENTION OF CURCIO STANDARD IN ORDER ?

20) Respectfully, all of the above citation's listed in this Court's order is correct. Petitioner, does not understand why is there no mention of Curcio? See, Cintolo, 818 F.2d at 996. ("Emphatically rejecting the notion that a law degree, like some sorcerer's amulet can ward off the rigors of criminal law.").

21) Here, the record does not show a "knowing" "waiver" of

Petitioner's constitutional right to conflict-free counsel, "preju- dice" is presumed. See, Cuyler v Sullivan, 446 U.S. 335-50, 100 S. Ct. 1708 (1980). The Second Circuit's decision in Curcio, has been controlling law for many years prior to any of the citations listed in this Court's order.

22) The Supreme Court accurately explained in Kemp v United St- ates, 142 S.Ct. 1856 (2022). A "Mistake" really is under Fed. R. Civ. P. 60(b)(1)."A judge's error's of law" is at hand in this case, be- cause of the "unique" feature of habeas corpus being "civil in na- ture" for over a century.

23) See, Hilborn v United States, 163 U.S. 343-46 (1986);Also see, Banister v Davis, 140 S.Ct. 1698, 1702 (2020). Thus, when the district court failed to comply and follow Curcio, as directed by the Second Circuit such action, is "an abuse of discretion" or a "Mistake" "error of law."

24) In this Court's. See, (Doc. 639, Page 30 of 56). This Court says in part;

> Folks has not demonstrated an actual conflcit of
> interest because he has not shown how his and co-
> unsel's interest "diverge[d] with respect to a Ma-
> terial factual or legal issue or course of action"
> after his postconviction filing of his complaint
> against Attorney Kaplan with the Professional Re-
> view Board. Id. at 824.

25) First, the "conflict Of Interest" began prior to trial in case, when Petitioner requested "hybrid counsel" there was "irreconci- lable differences" that both attorney's admit in their affidavit's. The record clearly reflects that the court was fully aware aware of the "conflict of interest" in this case.

26) See, United States v Torriero, 712 Fed. Appx. 33 (2d Cir. 2017).

7

United States v Babilona, 687 Fed. Appx 63 (2d Cir. 2017). The Second Circuit requires some "objective evidence" See, (Exhibit B); Also see, Pham v United States, 317 F.3d 178-82 (2d Cir. 2003)., Affidavit's from the following three witnesses.

27) Ms. Shelby Simpson, Ms. Jennifer Francis, and Ms. Krissa Barber. All 3-three would have provided trust-worthy eye witness accounts that would support Petitioner is "actually innocent.".., See, Schlup v Delo, 513 U.S. 319-21, 115 S.Ct. 851 (1995)("New evidence whether it be exculpatory scientific evidence, trust worthy eye witness accounts or critical physical evidence that was not.., presented at trial.")

28) See to, McQuiggin v Perkins, 569 U.S. 383-98, 133 S.Ct. 1924 (2013); Riras, 687 F.3d at 541; Schlup, 513 U.S. at 324. More likely than not, in light of the new evidence, no reasonable juror would find [the Petitioner] guilty beyond a reasonable doubt. See, House, 547 U.S. at 538; Espinal v Benett, 588 F. Supp. 2d 388-408 (E.D.N.Y. 2008).

29) In this Court's order. See, (Doc. 639, Page 30 of 56)., This Court, says in part;

> Moreover, Folks does not explain hiw his complaint "adversely affect[ed]" Attorney Kaplan's performance in posttrial proceedings. Id.

### OBJECTION THE SECOND CIRCUIT LAW MUST BE FOLLOWED

30) Specifcially, post-trial presentencing discovery of a potential "conflict" required inquiry by a court and thus a concomitant obligation to inform the court. See, United States v Salvagno, 344 F. App'x 600, 662 (2d Cir. 2009). The Second Circuit explained;

> In connection with sentencing that "[W]henever a district court discovers that a defendant's attorney suffers from a conflict or potential

8

> conflict, such that a rational defendant could knowingly and intelligently desire the conflicted lawyer's representation [,] the court should follow the procedures set out in [United States v Curcio, 680 F.2d 881,888-90 (2d Cir. 1982)] in order to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer."

31) Again see, Armienti, 234 F.3d at 824. Which was clearly explained by the Court;

> District Court "wrongly" applied Strickland's prejudice standard. The Supreme Court has held that "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relied." Cuyler, 446 U.S. at at 349-50. The Petitioner must therefore demonstrate that the attorney's conflict "adversely affected his performance." Levy, 25 F.3d at 157.

## ATTORNEY MARK A. KAPLAN'S DEFICIENT PERFORMANCE

32) Respectfully, Mark A. Kaplan deliberately failed to investigate Petitioner's case. Mr. Mark A. Kaplan, failed to procure the information necessary in order to make a "tacticle decision" not to call several witnesses. See, (Exhibit B). The duty to investigate is.., essential to the adversarial testing process.

33) The testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies. See, Deluca, 77 F.3d at 58-88. The reasonableness of an investigation is obviously a reflection of the facts of the case.

34) Thus, a careful examination of counsel's efforts on a case-by-case basis. See, 125 S.Ct. at 2469. A reasonable investigation will require defense counsel to speak before trial with readily available fact witnesses whose non-cumulative testimony would have directly corroborated the defense theory of important disputes.

9

35) <u>See</u>, <u>Pavel</u>, 261 F.3d at 221. <u>Also see</u>, (Exhibit B). Attorney Kaplan and Attorney Sen, "both" conducted no pre-trial investigation. The "conflict Of interest." <u>See</u>, <u>Levy</u>, 25 F.3d at 52-53.., "<u>Caused</u>" both attorney's to perform deficiently. In this Court's order. <u>See</u>, (Doc. 639, Page 30 of 56). This Court, says in part;

> Unable to show any conflict of interest from
> which to infer a perse or actual violation
> of his Sixth Amendment rights. Folks must de-
> monstrate a "potential conflict of interest"
> Id.

<u>OBJECTION PETITIONER HAS SHOWN THE CURCIO VIOLATION</u>

36) Respectfully, Petitioner has clearly shown the deliberate and intentional disregard of the procedures set forth by the Second Circuit. <u>Again see</u>, <u>United States v Curcio</u>, 680 F.2d 881-85 (2d Cir. 1982). For reasons that are unknown, this Court is completely overlooking, ignoring, and avoiding <u>Curcio</u>, supra. Why?

37) In this Court's Order. <u>See</u>, (Doc. 639, Page 30 of 56). This Court says in part;

> In order to prevail on such a claim the movant
> "must establish both that counsel's conduct fe-
> ll below an objective standard of reasonableness
> and that but for the deficient conduct, the re-
> sult of the trial would have been different, un-
> der the familiar standard established by Stric-
> kland." (citation omitted).

38) A reasonable probability that, but for counsel's unprofessional errors the out come of the proceeding's would have been.., different. <u>See</u>, <u>Strickland</u>, 466 U.S. at 694. The Supreme Court has frequently cited the ABA-standards in its decisions evaluating the constitutional sufficiency of defense counsel's investigations.

39) <u>See</u>, <u>Rompilla</u>, 125 S.Ct. at 2466-73; <u>Wiggins v Smith</u>, 123 S.Ct. at 2527;<u>Terry v Williams</u>, 529 U.S. at 396. Of relevance here, these standards state that defense counsel should begin a proper

10

investigation, evidence of defense counsel's decision making process sometimes demonstrates constitutional deficiency.

40) Where a habeas Petitioner, establishes that counsels choiees were not the result of a "conscious" reasonably informed decision.., made by an attorney with an eye to benefitting his client. Court's may question such choices. See, Pavel, 261 F.3d at 218. In deed, Courts have found "deficient performance."

41) Where counsel's conduct resulted from an entirely absent pretrial investigation. See, Kimmelmon, 477 U.S. at 386; Terry,529 U.S. at 395. "A legal error or a misunderstanding of the law" See, Deluca, 77 F.3d at 587; Lindstadt, 239 F.3d at 200. ("A complete misunderstanding of the entire case.")

42) Inattention. See, Wiggins, 539 U.S. at 512. A failure of "common sense" See to, Henry v Poole, 409 F.3d 48-65 (2d Cir.2005). In this case, Petitioner suffered "Prejudice" in that, theres a reasonable probability, "had it not been for the conflcit of interest" or had this Court complied with the procedures set forth in.

43) See, United States v Curcio, 680 F.2d 881-85 (2d Cir. 1982). The out come of the proceedings would have been different. See to, Richter, 562 U.S. at 112. In this Court's Order. See, (Doc. 639, Page 30 of 56). This Court, says in part;

> Folks asserts that he and his trial counsel disagreed on how best to defend the case and "counsel ended up going against [his] wishes." (Doc. 609-6 at 10.) He contends that "[a]t every stage there were conflicting interest in how to handle the case." (Id. at 22)

44) Specifically, Counsel "admits" to the "conflict of interest" See, (Doc. 625, Page 2 of 4). Kaplan, says in part;

> Mr. Folks alleges that he requested hybrid counsel which is true.

11

45) Counsel has a ethical obligation to notify the Court in regards to a potential conflict. See, United States v Schwarz, 283 F. 3d 76-91 (2d Cir. 2002). The "material factual issue" See, (Exhibit B). The "conflcit of interest" See, Levy, 25 F.3d at 152-53. "Caused" Kaplan, not call three eye witness.

46) Specifically, the lapse in representation, by Kaplan is as obvious as can be. See, (Exhibit A). Paragraph 10-ten;

> Mr. Kaplan, would say to me, "I didn't investigate because the United States has all of the evidence, and I'm not making an unnecessary confrontation objection about Hannah A. Look around every person in this room is white you can't win, you should plead guilty theres no prejudice.

47) Mr. Kaplan's pure bias and racist conduct supports a laspe in representation, his discriminatory intent and purpose clearly do show "prejudice" in this case. Mr. Kaplan deliberately failed to object per the "Confrontation Clause" Petitioner, was not afforded a meaningful opportunity.

48) To cross-examine witnesses against him. See, Brinson v Walker, 547 F.3d 287-392 (2d Cir. 2008); Davis v Alaska, 415 U.S. 308-15 (1974); Delaware v Van Arsdall, 475 U.S. 673, 679 (1986). Petitioner, could not cross-examine "Hannah A" nor "Victoria L" because they both were "deceased victim's."

49) Petitioner, suffered "prejudice" in that "theres a reasonable probability that had, Ms. Simpson, Ms. Francis and Ms. Barber, all testified the outcome of the proceedings would have been different."See, (Exhibit B); Wiggins v Smith, 539 U.S. 510-34 (2003). In this Court's order. See, (Doc. 639, Page 30 of 56). This Court, says in part;

12

Folks points to the following acts or ommissions that in his view demonstrate ineffective assistance of counsel based on a conflict of interest: (a) <u>trial counsel's failure to investigate and call certain witnesses</u>; (b) <u>trial counsel's failure to object to video and photographic evidence pertaining to Victoria L. and Hannah A</u>; (c) <u>Attorney Barth's inadequate performance as supplemental counsel</u>.

50) The Court, has an obligation to construe a pro-se litigants filings liberally and interpret the filing to raise the strongest., argument that they suggest. <u>See</u>, <u>Triestman v Fed. Bureau Of Prisons</u>, 470 F.3d 471-74 (2d Cir. 2006). Counsel presented no explanation not even suggesting that his failure.

51) To seek and interview witnesses was the result of a "[S]trategic choice [] made after thorough investigation of the law and facts." <u>See</u>, <u>Strickland</u>, 466 U.S. at 690; <u>Foster v Lockhart</u>, 9 F.3d 722, 726 (8th Cir. 1993); <u>Mayo v Henderson</u>, 13 F.3d at 204. Absent Mr. Kaplan's error in this case.

52) Theres a reasonable probability that the result of the proceedings would have been different. <u>See</u>, <u>Strickland</u>, 466 U.S. at 694. Respectfully, as to point (b), this Court "<u>misconstrue's</u>" Petitioner's argument. Petitioner's strongest argument is that Mr. Kaplan failed to make an "objection" pursuant to the "Confrontation Clause."

53) The "Confrontation Clause" is generally satisfied when the defense is given a full and fair opportunity to probe and expose.., the many infimities through cross-examination. <u>See</u>, <u>Delaware v Fensterer</u>, 474 U.S. 15-22 (1985). Counsel failed to cross-examin the Government's witnesses "Hannah A" and "Victoria L."

54) Both witnesses were deceased at the time of trial, by no fault of this Petitioner, the "Confrontation Clause" was still violated.

13

Federal Constitutional Right's would not have been deliberately violated by the "conflict of interest" Petitioner, "suffered prejudice" theres a reasonable probability, that but for counsel's unprofessional errors the out come would have been different. See, Strickland, 466 U.S. at 694.

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail TO: United States Attorney's Office @ 11 Elmwood Avenue, P.O. Box 570, Burlington, Vermont 05402-0570. On this 7 th. , day Of OCToBER .2025. I on this same date did place this documentation into the hands of prison officials for legal mailing. See, Houston v Lack, 487 U.S. 266, 275 (1988).

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

15