# Exhibit

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
BURLINGTON DIVISION

BRIAN FOLKS
    Petitioner/Plaintiff

vs.

UNITED STATES OF AMERICA
    Defendant/Respondent

Docket No.23-CV-86
Docket No.16-CR-94

                              /

### SUPPLEMENTAL AFFIDAVIT OF BRIAN FOLKS

I Brian Folks, hereby Supplement the initial affidavit that I signed on April 18, 2023. To correct and clarify the facts as to the "conflict of interest" with all of the attorney's who were appointed to my criminal case. First, Mark Kaplan and Natasha Sen, their un-divided loyalty was adverse to me at all times.

2) Mark Kaplan and Natasha Sen both assisted the United States against me. Specifically, the "conflict of interest" prior to trial is supported by Mark Kaplan and Natasha Sen's deliberate and inten-tional failure to call Ms. Shelby Simpson, Ms. Jennifer Francis and Ms. Krissa Barber.

3) All three witnesses, would provide credible testimony at tr-ial had counsel's actually called them, their testimony would prove that the Defendant is "actually innocent." For example, Ms. Simpson would have testified that she went to school with Ms. Ayla Lang and from June of 2015 through to December of 2015.

4) Ms. Lang was not a "minor" she was an adult above the age of (14-years) old, and at no time did the Defendant recruit, entice, har-bor, transport, patronize or solicit Ms. Lang to do any sexual acts. Ms. Jennifer Francis, would provide credible testimony, that (Keisha Willard), was a well known drug user in the neighborhood and she knew

Ms. Willard very well from July of 2013. And from June of 2015. Through to February of 2016. Ms. Willard, was not a "minor" she was an adult, above the age of (14-years) old.

5) At no time did the Defendant, recruit, entice, harbor nor transport, patronize or solicit Ms. Willard to do any sexual acts. Ms. Krissa Barber, would provide credible testimony that she know the Defendant since the year (2013), and she was the Defendant on several occassions over the years.

6) Ms. Barber, would have testified that none of the females associated with the Defendant were "minors" and every female was above the age of (14-years) old in the videos shown at trial. At no time did Defendant recruit, entice, harbor, transport, patronize, or solicit any females to do sexual acts.

7) I told Mr. Kaplan and Ms. Sen, that Hannah Ackley and Ms. Victoria Luke both were above the age of (14-years) old at the time in the video's shown by the Government at trial. Mr. Kaplan, would say to me "it doesn't matter, you either plead guilty or you can face an all white jury and be found guilty."

8) I explained to Mr. Kaplan that I did not commit "Sex Trafficking Of Children or by force, fraud or coercion." Under 18 U.S. C. §1591(b)(1). As stated in the indictment or shown in the videos presented by the Government at trial. I never solicited, patronized, by means of force, threats of force no one (14-years old).

9) I also informed Mr. Kaplan, that Ms. Simpson, Ms. Francis, and Ms. Barber will all testify they know Ms. Hassah Ackley and Ms. Victoria Luke both were not "minors" at the time we all were around the Defendant, no one was a "minor" in the videos shown at trial.

2

10) Mr. Kaplan, would say to me, "I didn't investigate because the United States has all of the evidence, and I'm not making an un-necessary confrontation objection about Hannah A. Look around every person in this room is white! you can't win, you should plead gui-lty theres no prejudice to you."

11) I told Mr. Kaplan, that I wanted to do "hybrid" represen-tation. Mr. Kaplan and Ms. Sen both said no! I really wanted to re-present myself as I told him in my letter dated March 20, 2019. (See it attached hereto). Mr. Kaplan, did acknowledge the conflict of In-terest due to irreconcilable differences.

12) Mr. Kaplan and Ms. Sen, both notified the Court but for re-asons unknown the Court would not hold a hearing. The conflict of interest in my case began prior to trial. While I was incarcerated at the North West Correctional Facility. Mr. Kaplan and Ms. Barth both came to visit me.

13) Mr. Kaplan, explained to me that "I should consider her to represent me because she is good with appeal." I explained to Mr. Kaplan, that Vermont Rules Of Professional Conduct Rule 1.6(a),., says that I have to give him "consent" to talk with Ms. Barth about my case. I never gave Mr. Kaplan "consent" to talk to her.

14) Mr. Kaplan, told me that "Judge Sessions would never hold a hearing pursuant to Curcio, Judge Sessions doesn't follow the Se-cond Circuit very well." I was forced to trial and sentencing with conflcit-counsel had Judge Sessions questioned me, I would not have waived my right to conflict free counsel

15) This affidavit is written pursuant to 28 U.S.C. §2246 as evidence to support the timely §2255-motion and "objection" to the

3

Honorable Kevin J. Doyle, United States Magistrate Judge's Report and Recommendation. This Supplemental affidavit furtherly provides my recollection of Constitutionally Ineffective Assistance of trial counsel, as to Mr. Kaplan and Ms. Sen.

16) Both attorney's in violation of my 5th and 6th Amendment Federal Constitutional Right's To the effective assistance of counsel. The "conflict of interest" is accurately described and shown herein. This affidavit is not to be a complete account of everything that occurred during the trial court proceedings.

17) It has been prepared solely for the purpose of responding to the substance of trial counsel's "affidavit" and pursuant to 28 U.S.C. §2248. As factual evidence rebutting the United States.

I Declare, (or certify, verify or state), under the penalty of perjury, that the foregoing is true and correct. <u>See</u>, 28 U.S.C.§1746.

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

10-2-25
Date

4

BRIAN FOLKS
3649 LOWER NEWTON ROAD
SWANTON, VT 05488-8531

March 20, 2019

Mark Kaplan esq.
95 st. Paul street
Burlington VT 05402

Mr. Kaplan;

First let me thank you for finally answering at least one of my correspondences in writing as requested. My hopes is that you continue to do so during the short period of time we have left to work together on this case. your letter dated March 12, 2019 gave me a bit of insight on what you are planning in regards to why you feel I should pursue a trial by jury as opposed to a bench trial. After considering your reasoning, I agree with you 100%.

In regards to the Hybrid issue you addressed, I must say I feel stymied and a bit intimidated. Why? Because I've been away from my family now for 32 months attempting to fight these charges. You stated in your letter that if I insist on actively participating in the trial of my own case, you would ask the court to appoint new counsel. This would not be condusive to me finally getting this situation over with because it would take a new attorney months to properly familiarize himself with the case in order to properly assist in defending me. Considering the fact that you've already expressed to me that I will be found guilty of the drug conspiracy charge in my case; coupled with the fact that you personally still haven't gone over all the material in my case as evidenced by the fact that in court on March 18, 2019, when I brought evidence to your atention, for the third time (Recorded phone conversations), you didn't know what I was talking about and stated you had to go read the material and see if we could use it. I'm sure you can appreciate why I felt the need to actively participate in the trial of my case to begin with.

Although you expressed your opinion on the whole trial by jury issue; you've yet to discuss with me an actual trial stategy, defense or even why I will be found guilty of the drug conspiracy charges. I don't know how much time I'm facing- I don't even know what sentencing category I fall into.

I've yet to speak to your computer expert or to go over the contents of my Facebook which the goverment has provided to you some time ago. As you know, only a small portion of it is on the lap top.

I gave you a very important piece of information to discuss with your computer specialist in regards to the IP address attached to the various items the goverment is claiming I posted and you have yet to respond to that either

verbal or in writing. Yet this is a pressing issue that could possibly vindicate me of over half the charges against me.

70% of the witnesses I've requested have not been contacted nor has antone given me any information regarding if someone has even tried contacting these people.

There is still an outstanding amount of material I have requested from you in writing and still haven't seen (refering to my last three correspondences).

From what I understood in court on Monday, March 18, 2019, the missing Facebook and Backpage material will be addressed through the court by April 10th. Why so close to the start of my trial, I have no idea.

After asking about the PSA video on racism in Vermont to show to the jury for months now, you are just telling me (3-18-19. 35 days before the start of my trial) that we don't have the video. So there's a great chance we won't be showing that to the jury now, am I correct?

Mr. Kaplan, I honstly don't know what to do at this point. The only thing I can think to do is to bring this situation to the court for guidance.

Being as though any documents submitted to the court has to go through you, I am requesting that you forward a copy of this correspondence to the judge in hopes that he could bring about a fair and just solution. If it's not possible to forward this correspondence, Then I am requesting that you allow me to read it in open court for the same reasons.

I sincerely apologize if this letter appers as disrespectful or in bad taste in any way. It was not meant to be either.


I further thank you for all the time and effort that you have put into this case thus far.


SINCERELY,

BRIAN FOLKS

