IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
BURLINGTON DIVISION

BRIAN FOLKS
    Petitioner/Plaintiff
vs.
UNITED STATES OF AMERICA
    Defendant/Respondent

Docket No. 23-CV-8602b
Docket No. 16-CR-94-1

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2026 FEB -6  A 11: 34
CLERK
BY_____
DEPUTY CLERK

## EMERGENCY MOTION FOR RECONSIDERATION

COMES NOW, The Petitioner, Brian Folks, in proper person, and and pursuant to the Rules Governing §2255-Proceeding's For The United States District Court's Rule 12. And pursuant to Federal Rules Of Civil Procedure Rule 59(e). Respectfully, moves this Honorable Court with this **Emergency Motion For Reconsideration** of this Courts order filed on November 25, 2025. See, (Document 645). Where this Court has "Misinterpreted" and "Recharacterized" facts and evidence that was presented in the timely filed Objection's To the Report and Recommendation." A need to correct clear error and prevent a complete "Manifest Of Injustice" is now necessary. Petitioner, avers to the following facts;

### THE SECOND CIRCUIT'S STANDARD

1) The standard for granting a motion for reconsideration is to very "strict" and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the..., court overlooked matters. In other words, that might reasonably be expected to alter the conclusion reached by the court.

2) See, Shrader v CSX Transp., Inc, 70 F.3d 225-57 (2d Cir. 1995). The major grounds justifying reconsideration are intervening change

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. Also see, Virgin Atl. Airways v Nat'l Medical Bd, 956 F.2d 1245-55 (2d Cir.1992).

## CLEAR ERROR OF MANIFEST INJUSTICE

3) In this Court's Order. See, (Document 645, Page 5 Of 16). This Court says in part;

> Folks objects to that analysis, and argues that he has demonstrated an actual conflict of interest. In making his argument, Folks cites several Second Circuit cases, yet those cases are all distinguishable.

4) Respectfully, no they are not distinguishable. First, an actual conflict of interest has been described by the Second Circuit, which Petitioner, has followed to the letter. For example, a review of United States v Schwarz, 283 F.3d 76-90 (2d Cir. 2002). The Court explained in part;

> A defendant's Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict free counsel. The Sixth Amendment right is therefore violated if an attorney had "(1) a potential conflcit of interest that resulted in prejudice to the defendant, or (2) an actual conflict of interest that adversely affected the attroney's performance. An actual conflict exist" when during the course of representation, the attorney's and defendant's interest diverge with respect to a material factual or legal issue or to a course of action.

---

See, (Document 645, Page 6 of 16)(Footnote). Specifically, Petitioner's means that a review of Mr. Kaplan's affidavit and a review of Ms. Sen's affidavit shows that Ms. Sen is lying. Mr. Kaplan, is an attorney, if Ms. Sen was with him during the conversation where Petitioner requested "Hybrid-representation" Mr. Kaplan would have mentioned her presence, but he did not because she was not with him. Petitioner, made his request to Mr. Kaplan only, at no time was Ms. Sen aware of the facts that Petitioner was relying upon. Ms. Sen, is an officer of the Court she is providing untruthful information in her affidavit. For example, neither Mr. Kaplan or Ms. Sen, provide an specific detail as to what kind of defense strategy they were using or what kind of investigation was conducted. A conflcit is clear in this case because both attorney's were deliberately against Petitioner.

2

5) Also see, Winkler v Keane, 7 F.3d 304-7 (2d Cir. 1993). The prime example, in this case, is that the attorney's and Petitioner's "interest divereged" with respect to a material factual or legal issue or to a course of action. Specifically, the "diverge" here begins when counsel's failed to conduct a pretrial investigation.

6) Specifically, counsel's deliberately with held the governments "discovery" documents not allowing Petitioner, to review the evidence completely on his own because counsel's were both obligated to assist the United States against Petitioner, the legal issue is supported the Supreme Court.

7) See, California v Trombetta, 467 U.S. 479-85, 104 S.Ct. 25 28 (1984). The Supreme Court clearly explained that;

> The constitution guarantees criminal defendant's a meaningful opportunity to present a complete defense.

8) Included, in that concept is the defendant's fundamental right to present witnesses in his own defense. See, Chambers v Mississippi, 410 U.S. at 302; Taylor v Illinois, 484 U.S. 400-08, 108 S. Ct. 646 (1988). A review of Petitioner's own affidavit See, ¶-10. Petitioner, says in part;

> Mr. Kaplan, would say to me, "I didn't investigate because the United States has all of the evidence, and I'm not making an unnecessary confrontation objection about Hannah A. <u>Look around every person in this room is white! you can't win, you should plead guilty theres no prejudice to you.</u>"

9) Clearly, Mr. Kaplan is a "racist" theres a strong likelihood that Ms. Sen is as well. The conflict of interest is clear because Petitioner has established a "plausible alternative defense strategy not taken or considered by neither appointed counsel.

3

10) See, United states v Moree, 220 F.3d 65-9 (2d Cir. 2000). It would have been appropriate for both attorney's, Mr.Kaplan or Ms. Sen, to have conducted a pre-trial investigation and properly review the "discovery materials" to which obvious lies were replaced with greater lies for the benifit of the government.

11) Two victim's Ms. Hannah A (aka) Ms. Hannah Ackley and Ms. Victorial L (aka) Ms. Victoria Luke, the United States did not at any time present any physical evidence or statements from either of the two that would support a violation of 18 U.S.C. §1591(b)(1)- for counts 10 through 14.

12) See, Armienti, 234 F.3d at 825 ("Remanding for a hearing where appellant alleged several specified instances of attorney's deficiencies that were product of specific conflict of interest."). Respectfully, this Court is "misinterpreting" and "recharacterizing" Petitioner's entire argument.

13) In Puglisi v United States, 586 F.3d 209 (2d Cir. 2009). The Court, explained in part;

> The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: an affidavit from petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sourdes of relevant evidence.

14) See, Puglisi, 586 F.3d at 213. This Court, should consider all the Petitioner's arguments now presented in the objection to the Report and Reccomendation. In this Court's order See, (Document 645, Page's 6 and 7). This Court, says in part;

> The facts that Folks points to do not amount to an actual conflcit. This Court addressed his concerns about the attorney-client relationship when they were raised. See, ECF No.512.

4

15) Respectfully, this Court did not "address" Petitioner's concerns nor did this Court, follow the standard set forth by the Second Circuit in Curcio, supra., See, Petitioner's affidavit ¶14. He says in part;

> Mr. Kaplan, told me that "Judge Sessions would never hold a hearing pursuant to Curcio, Judge Sessions doesn't follow the Second Circuit very well."

16) Petitioner, is not required to demonstrate prejudice, prejudice is presumed. The Second Circuit, has provided a clear explanation. See to, Winkler, 7 F.3d at 307. The Court, held in part;

> This is not a test that requires a defendant to show that the alternative strategy or tactic not adoted by a conflcited counsel was reasonable, that the lapse in representation affected the out come of the trial, or even that, but for the conflict, counsel's conduct of the trial would have been different. Rather, it is enough to show that a conflict existed that was inherently in conflict with a plasible line of defense or attack on the prosecution's case.

17) Respectfully, this Court should have followed the standard set forth by the Second Circuit in United States v Curcio, supra.., Petitioner, would not have waived his constitutional right to conflict free counsel. The standard is not very difficult nor is the burden of Petitioner. See, Levy, 25 F.3d at 157;

> Explaining that the defendant need not show that the defense would have been successful if the strategy had been used, but only that it possessed sufficient substance to be a viable alternative and was inherently in conflict with the attorney's other loyalties or interest.

18) Also see, Matter of Kitchen, 706 F.2d 1266-73 (2d Cir.1983) ("Full cross-examination of governments witnesses is an essential element of both the right to present a defense and the right to confront the government's evidence."). For example, Petitioner, was convicted of sex trafficking a minor in Count 15.

5

19) That minor was Hannah A. (Aka) Ms. Hannah Ackley Petitioner, has a constitutional right to confront Ms. Ackley, only to prove that he did not "sex traffick her" or cause Ms. Ackley to participate in any sexual activity. Petitioner's eye witnesses to this fact is Ms. Jennifer Francis.

20) <u>See to</u>, <u>Douglass v Alabama</u>, 380 U.S. 415-18 (1965); <u>Davis v Alaska</u>, 415 U.S. 308-15 (1974). In this Court's order. <u>See</u>, (Document 645, Page's 6 & 7 of 16). This Court says in part;

> Folks now argues that his counsel was conflicted because he asked for hybrid representation and Attorney's Kaplan and Sen told him that would not be possible, and that he could either represent himself or continue to proceed with them as counsel. <u>Folks chose to continue with them</u>. It appears that Folks requested hybrid representation because he disagreed with "<u>decisions</u>" made by defense counsel. However, a defendant cannot establish an actual conflict of interest merely by "expressing dissatisfaction with [the] attorney's performance."

21) Respectfully, Petitioner did not "<u>chose</u>" to continue with both Attorney's Kaplan or Sen. Petitioner, was never given the option as it is explained in <u>Curcio</u> supra. Specifically, what or which "decisions" were made by counsel's that caused the disagreement? Kaplan nor Sen, do not mention a disagreement in thier affidavits.

22) Specifically, Mr. Kaplan nor Ms. Sen, explain in thier affidavit exactly how they single mindedly devoted to Petitioner's case. The facts clearly show that Mr. Kaplan's divided loyalties. For example, Kaplan would not allow Petitioner to thoroughly go over the discovery materials.

23) Where initial statements of witnesses were changed due to the Governments threat of prosecution and the arrest of several.

6

A lot of the Government's case was based misleading evidence which is hidden in the discovery materials. The Court, continues to deny any request for discovery materials. See, (Document's 620 & 618).

24) In Taylor v Illinois, 484 U.S. at 419. Justice Brennan in dissent, echoed the principles at stake;

> Criminal discovery is not a game. It is integral to the quest for the truth and the fair adjudication of guilt or innocence. Violations of discovery rules thus cannot go uncorrected or undeterred without undermining the truth seeking process.

25) In this Court's order. See, (Document 645, Page 8 Of 16) This Court, says in part;

> Folks argues that he created an actual conflict of interest by filing a complaint against attorney Kaplan. However, mere filing of a professional complaint, without more, does not create an actual conflict.

26) Again, "Misinterpretation" and "Recharacterization" Petitioner, filed a professional complaint against Mr. Kaplan and Ms. Sen all due to the "irreconcilable differences" between Kaplan, Sen and himself, not by filing a complaint he created a conflict of interest out of thin air.

27) In this case, a complaint was filed due to counsels own actions that are all accurately based on the conflict of interest. Had the Court complied with the Second Circuit's decision in United States v Curcio, 680 F.2d 881 (2d Cir. 1982). The out come of the proceeding's would have been different.

28) See, Strickland, 466 U.S. at 694. Specifically, the Court at no time inquired to Petitioner about his relationship with Mr. Kaplan or Ms. Sen. The conflict would have been explained in detail and proven before the court.

7

29) Specifically, Mr. Kaplan deliberately took no action with an eye towards benefiting this Petitioner. See, Pavel, 261 F.3d at 218. The out come of the proceedings would have been different. Had it not been for Mr. Kaplan's other loyalties to the government. See, United States v Lussier, 71 F.3d 456-62 (2d Cir. 1995).

30) In this Court's Order. See, (Document 645, Page 9 Of 16). This Court says in part;

> Folks also complains that Kaplan told him to "consider" using Attorney Barth to represent him on appeal. This is not a conflict. Folks later did use Attorney Barth for his appeal, but that was after an order from this Court. ECF No. 512.

31) In this Petitioner's affidavit, See, (¶13). Where he says in part;

> I explained to Mr. Kaplan, that Vermont Rules Of Professional Conduct Rule 1.6(a)., says that I have to give give "consent" to talk with Ms. Barth about my case.

32) Respectfully, Mr. Kaplan began to conspire with Ms. Barth knowing that the "conflict" between himself and Petitioner had grown very large, to the point where there was a complete break down in communication. Petitioner, did not trust Ms. Barth due to her association with Mr. Kaplan.

33) A review of Petitioner's direct appeal process clearly would show that Ms. Barth, was a big part in the "conflict of interest" she took no action that a competent attorney would take in the exact same circumstances. For example, Ms. Barth deliberately failed to provide Petitioner, with a copy of his initial brief on appeal. Because she was in conflict like Kaplan to this Petitioner.

8

34) In this Court's order. See, (Document 645, Page 9 Of 16). This Court says in part;

> In sum, the general displeasures by Folks towards his defense attorneys does not amount to an actual conflict. Where "[t]hese expressions of dissatisfaction fall short of demonstrating" that Folks interest and those of his attorney "diverged with respect to a material factual or legal issue or to a course of action[,]" and where "the record presents no evidence that the district court reasonably should have known of any actual conflict, no Curcio hearing was required.

### A COMPLETE BREAKDOWN IN COMMUNICATIONS

35) Respectfully, this Court is deliberately "misinterpreting" and "Recharacterizing" all of Petitioner's asserted allegations.., Both attorney's Mr. Kaplan and Ms. Sen, stop comming to see this Petitioner, at the correctional facility, prior to trial in this case.

36) Both attorney's continuously with held all discovery materials per the direction of the government. Specifically, a sufficiently serious "breakdown" in the attorney client relationship, the court made no inquiry to Petitioner about the reasons for his dissatisfactions. Mr. Kaplan caused Petitioner "great harm."

37) For example, either of the two attorney's deliberately failed to conduct any pre-trial investigations, interview witnesses, and argue Petitioner's version of the events due to the conflict of interest. Both attorney's representation was objectively unreasonable under prevailing professional norms.

38) See, Wiggins v Smith, 539 U.S. 510-21, 123 S.Ct. 2527 (2003). Theres a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

9

39) Also see, Strickland, 466 U.S. at 694; Lindstadt v Keane, 239 F.3d 191-99 (2d Cir. 2001). In this Court's order. See, (Document 645, Page 10 Of 16). This Court, says in part;

> Folks now argues that three new witnesses (Ms. Simpson, Ms. Francis and Ms. Barber) should have been called, See ECF No.644 at 8; 12. However, Folks did not mention these three witnesses in his original habeas petition. See ECF No. 609. It is not appropriate, then, for Folks to raise these witnesses in his objections to that report.

40) Specifically, authenticity is a fundamental prerequisite for the admissibility of evidence. See, United States v Maldorado-Rivera, 922 F.2d 934-57 (2d Cir. 1990). The Second Circuit explained in part;

> This Court has held that, where a party wishes to have a court consider documents which are not yet part of the court's record, the documents must be attached to and authenticated <u>by an appropriate affidavit, made by a competent witnesses through</u> whom the documents could be received into evidence at trial.

41) See, New York ex rel. Spitzer v Saint Francis Hosp, 94 Supp. 2d 423-26 (S.D.N.Y. 2000). The moving party is permitted to respond to that argument in its reply, including through the proffer of additional witness affidavits. See, Litton Industries Inc v Lehman Bros. Kuhn Loeb Inc, 767 F. Supp. 1220-35 (S.D.N.Y. 1991)

---

The names of several witnesses appear, in the initial habeas corpus. Petitioner, included the many names as "speculation" and "conjecture" also "conclusory". There is no "<u>rule</u>" or "Second Circuit-decision" that supports this court's actions. In <u>Puglisi v United States</u>, 586 F.3d at 213-14 ("There is no pre-motion discovery in a Section 2255 case, as there is in summary judgment proceedings in a civil case."). Thus, this Court cannot overlook competent evidence, without.., providing fair notice. See, Day, 547 U.S. 210. As persuasive, See, Rhode v United States, 583 F.3d 1289-91 (11th Cir. 2009). Respectfully, this Court should address each affidavit as timely presented. See, Fed. R. Civ. P. 56(c)(1)(B)(4). This Petitioner, mention several witness, but could only obtain the affidavits that were presented/attached to the timely filed objection to the Report and Recommendation. The affidavit's support that Petitioner, is <u>actually innocent</u> of several (Count's in the Indictment), as charged.

42) Thus, all three affidavits of witnesses with personal knowledge is appropriate. <u>See</u>, <u>Litton Ind</u>, 767 F.Supp at 1235. <u>Also see</u>, Fed. R. Civ. P. 56(c)(1)(B)(4). The Second Circuit requires objection evidence. <u>See</u>, <u>Pham v United States</u>, 317 F.3d 178-82 (2d Cir. 2003). In this Court's Order. <u>See</u>, (Document 645, Page 11 Of 16). This Court's says in part;

> Accordingly, the court will not separately consider Folks' argument regarding additional witnesses.

43) <u>Again see</u>, <u>Koon v United States</u>, 518 U.S. 81-100 (1996)("A district court by definition abuses its discretion when it makes an error of law"). Petitioner, obtained the three affidavit when the witnesses were able to sign them, based on thier personal knowledge of the facts as they know them.

44) The witnesses substantiate that Petitioner, is actually innocent of (Count-15 in the indictment). <u>See</u>, <u>McQuiggin v Perkins</u>, 569 U.S. 383-92 (2013). In this Court's order. <u>See</u>, (Document 645, Page's 11-12 Of 16). This Court, says in part;

> To clarify none of the charges in this case relied upon the government showing that anyone was under the age of 14. Under Count 15, Folks was convicted of sex trafficking of a minor when the jury found him guilty and found that Hannah A. had not attained 18 years of age (not 14 years of age) See, ECF No. 455 at 6. The Jury Charge and Fourth Superseding Indictment both specify the age of 18, not 14, for Count 15. See ECF No. 464 (Jury Charge) at 31-34; ECF No.124 (Fourth Superseding In-

---

Specifically, Petitioner's argument is that due to the "conflict Of Interest his Sixth Amendment Federal Constitutional Right To Conflict Free Counsel was violated. Trial Counsel's deliberately failed to lay the proper foundation from eye witness testimony, that Hannah Ackley, had no involvement with Petitioner from May 17, 2013 and May 18, 2013. Petitioner, does "implicity acknowledge" that the "conflict of interest" caused both attorney's to violate Petitioner's 6th Amendment Right's. Which is Petiitoner's strongest argument and should be considered as such herein. The conflict of interest can not be ignored.

11

> dictment) at 17. In sum; Count 15, the only count under which Folks was convicted for sex trafficking of a minor, involved Hannah A. being under 18 years old at the time of the offense.

45) The supplemental affidavit of Ms. Jennifer Francis is direct evidence, that Petitioner "did not" "affect interstate commerce" or recruit, entice, harbor nor transport Ms. Hannah Ackley to engage in a commercial sex act. Ms. Francis, provides eye witness testimony.

46) That substantiates, Petitioner is "actually innocent" of sex trafficking a minor in (Count 15), in the government's indictment. Again see, McQuiggin v Perkins, 569 U.S. 383-92, 133 S.Ct. 1924 (2013). In this Court's order. See, (Document 645, Page's 12-13 of 16). This court, says in part;

> Separately, under Counts 10 through 14, the jury found Folks guilty of having knowingly-recruited, enticed, harbored, transported, provided, obtained, or mainrained by any means" individuals "knowing or in reckless disregard of the fact that force, threats of force, fraud, or coercion would be used to cause" the individuals to engage in a commercial sex act. see ECF No. 455 at 4-6; see also ECF No. 464 (Jury Charge) at 27-31. Folks was convicted under these counts for sex trafficking by force, fraud, or coercion-not sex trafficking of a minor.

47) Specifically, the Constitution's "confrontation clause" gives criminal defendant's the right to confront the witnesse against them, including the "declarants" of "testimonial" statements introduced at trial. See, Melendez-Diaz v Massachusetts, 557 U.S. 305-10 (2009).

48) Here, the Government presented no evidence that Petitioner, directly instructed others to participate in a commercial sex act. Specifically, Petitioner has provided eye witness affidavit's of

12

Ms. Simpson, Ms. Francis and Ms. Barber, do support that Petitioner is "actually innocent" See, Schlup v Delo, 513 U.S. 298-319, 115 S. Ct 851 (1995). Rule 615 of Federal Rules Of Evidence, applies to all witness affidavit's.

49) Including the three affidavits this is now failing to accept. In this Court's Order See, (Document 645, Page's 14-15 of 16) This Court says in part;

> It is possible that Folks is arguing that photographic or video evidence of Hannah A. and Victoria L. should not have been introduced at trial because the witnesses were deceased and thus the confrontation clause was violated. However, this is not the type of evidence that the confrontation clause applies to.

50) Specifically, eye witness Ms. Jennifer Francis has signed an affidavit stating that on May 17, 2013 and May 18, 2013. She knows for a fact, and she is willing to testify that Petitioner, did not know or recklessly disregard the fact that Hannah Ackley was not 18 years of age at the time.

51) Ms. Francis, will testify that on May 17, 2013 and May 18, 2013. Ms. Hannah Ackley, had no direct contact or involvement with Petitioner, Ms. Francis, was taking pictures of several other females for Petitioner, at the time. Thus, had it not been for the conflict of interest. See, Levy, 25 F.3d at 153.

52) The out come of the trial proceedings would have been different. See, Strickland, 466 U.S. at 694.

## NATURE OF THE RELIEF SOUGHT

Petitioner, prays that this Court (GRANT) This Emergency Motion For Reconsideration. Where the facts and evidence show that Petitioner is **actually innocent.** And his **Sixth Amendment Federal**

Constitutional Right to "conflict free counsel" was violated. As it stipulated by the Second Circuit Court of Appeals In United States v Curcio, 680 F.2d 881-85 (2d Cir. 1982).

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail TO: United States Attorney's Office @ 11 Elmwood Ave. P.O. Box 570, Burlington, Vermont 05402-0570. On this _14th_, day of _January_, 2026. I on this same date did place this documentation into the hands of prison officials for legal mailing. See, Houston v Lack, 487 U.S. 266-75 (1988).

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

## DECLARATION IN COMPLIANCE WITH 28 U.S.C. §1746
### CERTIFICATE OF SERVICE

I Declare (or certify, verify or state), under the penalty of perjury that the foregoing "Emergency Motion For Reconsideration" was disposited to the Institutional Mail Room For Legal Mailing @ Butner-Medium II/P.O. Box 1500. And First-Class Postage has been prepaid. See, Rules Governing §2255-Proceedings For U.S. District Court's Rule 3(d). I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail TO: United States Attorney's Office @ 11 Elmwood Avenue, P.O. Box 570 Burlington, Vermont 05402-0570. On this _14th_, day of _January_, 2026. I on this same date did place this documentation into the hands of prison officials for legal mailing. See, Houston v Lack, 487 U.S. 266-75 (1988).

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.