UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:16-cr-00094-1 |
| | ) |
| BRIAN FOLKS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On May 9, 2019, Brian Folks was convicted after a jury trial on multiple counts of distribution of heroin and cocaine base; sex trafficking by force, fraud, or coercion; sex trafficking of a minor; and using the facilities of interstate commerce to promote prostitution. *See* ECF No. 455. Proceeding *pro se*, Folks filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. ECF No. 609. The government opposed Folks' Amended Motion. ECF No. 631. The Report and Recommendation of the United States Magistrate Judge was issued on March 7, 2025. ECF No. 639. Folks filed his objections, after extensions granted by this Court, on October 27, 2025. ECF No. 644. This Court then issued an order adopting the report and recommendation, with additional analysis. ECF No. 645.

Now before this Court is Folks' Emergency Motion for Reconsideration of Order Adopting Report and Recommendation re: Motion to Vacate/Set Aside/Correct Sentence. ECF No. 647. For the reasons set forth below, the Court DENIES this motion.

**<u>Background</u>**

The Report and Recommendation addressed both Folks' claim of ineffective assistance of counsel and his prosecutorial misconduct claim.  Construed liberally, Folks argued that his counsel (1) failed to challenge certain evidence recovered from a computer; (2) failed to adequately challenge the credibility of government witnesses; (3) failed to call certain witnesses and object to certain evidence because of their conflicts of interest; and (4) failed to provide adequate appellate representation.  *See* ECF No. 639 at 16 (describing liberal interpretation of Folks' motion).  This Court reviewed the file and the Magistrate Judge's Report and Recommendation (ECF No. 639) and adopted the Report and Recommendation in full for the reasons stated in the Report (ECF No. 645).

This Court also provided additional analysis to address some of the objections raised by Folks.  The Court adopted the Report and Recommendation's analysis of trial counsel's alleged conflict of interest and deficient performance based on conflicting interests, and provided additional analyses finding that "the general displeasure expressed by Folks towards his defense attorneys does not amount to an actual conflict."  ECF No. 645 at 9.  The Court also addressed prejudice suffered by Folks under his ineffective assistance claims, again adopting the Report and Recommendation's analysis and providing additional analysis

regarding three new witnesses and a conclusory Confrontation Clause argument.  ECF No. 645 at 9-15.

Folks now argues that: "Where this Court has 'Misinterpreted' and 'Recharacterized' facts and evidence that was presented in the timely filed Objection's [sic] To the Report and Recommendation.[] [sic] A need to correct clear error and to prevent a complete 'Manifest Of Injustice' is now necessary."  *Id.*  Folks disagrees with the Court's finding that there was no actual conflict of interest.  He makes and repeats several broad arguments apparently in support of this point, including that: his counsel failed to conduct a pretrial investigation; his counsel did not allow him to review the government's "discovery" documents "completely on his own;" the United States did not present enough evidence to support their case and offered misleading evidence while Folks had direct evidence to support his version of events; this Court ignored the Second Circuit's decision in *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982) both during trial and in ruling on his habeas claim; his counsel had other loyalties to the government; and there was a complete breakdown in communications with his counsel. *See generally* ECF No. 647.

## Discussion

Folks states that he is filing his "Emergency Motion for Reconsideration" pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 647 at 1.  Motions for reconsideration governed by Rule

3

59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") may be brought in the habeas context. *See, e.g., Banister v. Davis*, 590 U.S. 504, 507 (2020). However, Rule 59(e) contains a 28-day time-limit on filing motions for reconsideration, and this deadline is "inflexible." *See Crenshaw v. Superintendent of Five Points Corr. Fac.*, 595 F. Supp. 2d 224, 227 (W.D.N.Y. 2009). There is "no possibility of an extension." *Banister v. Davis*, 590 U.S. 504, 507-8 (2020) (citing Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline)). Here, the Court issued its Opinion and Order on November 25, 2025, and Folks untimely filed his motion 50 days thereafter. *See* ECF No. 647 at 15 (certificate of service stating that Folks placed his copy of the motion "into the hands of prison officials for legal mailing" on January 14th, 2026). Accordingly, the Court denies the motion for reconsideration to the extent that it is a motion under Rule 59(e).

Alternatively, Folks' motion could be construed as a Rule 60(b) motion for relief from a final judgment, order, or proceeding. Rule 60(b) motions must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). In the habeas context, Rule 60(b) is available "only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Otherwise, the motion may be treated as a second or successive habeas application. *See generally Gonzalez v.*

*Crosby*, 545 U.S. 524, 533 (2005) (in the 28 U.S.C. § 2244 context); *see also* 28 U.S.C. 2255(h); *Schwamborn v. United States*, 507 F. Supp. 2d 299, 240 (E.D.N.Y. 2007) ("the weight of district court authority in the Second Circuit" applies the *Gonzalez* framework to successive § 2255 motions challenging federal convictions); *Harris*, 367 F.3d at 77.  Here, Folks attacks the integrity of this habeas proceeding by arguing that the Court misinterpreted and recharacterized his facts and arguments as he presented them in his objections to the Report and Recommendation.  Accordingly, the Court will consider the motion under Rule 60(b).

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks omitted), and because Rule 60(b) is a means of "extraordinary judicial relief," it is properly invoked "only upon a showing of exceptional circumstances," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Rule 60 authorizes a court to grant relief from a final judgment, order, or proceeding for any of the following reasons:

    (1)  Mistake, inadvertence, surprise, or excusable neglect;

    (2)  Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  Fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party;

(4)  The judgment is void;

(5)  The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court has considered Folks' arguments, and even under a liberal interpretation of his motion, Folks has failed to demonstrate that any of the grounds listed in the clauses of 60(b) apply.  Folks has not presented a case of exceptional circumstances.  Instead, Folks argues generally that the Court should have granted his habeas petition because his counsel had an actual conflict of interest.  Both the Report and Recommendation and this Court's Order addressed in detail the facts and law surrounding Folks' conflict of interest arguments.  *See* ECF No. 639 at 28-47; ECF No. 645 at 5-9.  Though Folks' motion for reconsideration makes it clear that he disagrees with this Court's analysis and that he considers the denial of his habeas petition to be an injustice, he does not ultimately point to any legal or factual mistake, or any other reason, that would justify relief. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief

6

invoked only if the moving party demonstrates exceptional circumstances" (internal quotations omitted)); *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."). Accordingly, Folks' motion is denied.

### Conclusion

The Court orders that Folks' Emergency Motion for Reconsideration of Order Adopting Report and Recommendation re: Motion to Vacate/Set Aside/Correct Sentence (ECF No. 647) is DENIED.  Because Folks has not made a substantial showing that he was denied any constitutional rights, *see* 28 U.S.C. § 2253(c)(2), the Court DECLINES to issue a certificate of appealability.

Dated at Burlington, Vermont this 14th day of April 2026.


/s/ William K. Sessions III
Hon. William K. Sessions III
United States District Judge