U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT
BURLINGTON DIVISION

2026 JUN 26  A 11: 38

BY_____
DEPUTY CLERK

| | |
|---|---|
| BRIAN FOLKS<br>    Petitioner/Plaintiff<br>vs.<br>UNITED STATES OF AMERICA<br>    Defendant/Respondent | Docket No.23-CV-86<br>Docket No.16-CR-94 |

## NOTICE OF APPEAL AND REQUEST FOR A
## CERTIFICATE OF APPEALABILITY

COMES NOW, The Petitioner, **Brian Folks**, in proper person, and pursuant to Federal Rules Of Appellate Procedure 4(a)(1)(B). And the Rules Governing Section 2255-Proceeding's For The United States District Court's 11(a). Respectfully, notifies this Court of his intent to "<u>Appeal</u>" The Court's final order's denying this Petitioner's 28 U.S.C. §2255-Motion To Vacate, Set Aside Or Correct Sentence. <u>See</u>, (Document 645). That was issued on **November 25,20, 25**. And Petitioner's Emergency Motion For Reconsideration. <u>See</u>, (Document 648). That was issued on **April 14, 2026**. Petitioner's "<u>Appeal</u>" is to the **Honorable** United States Court Of Appeal For the **Second Circuit**. Petitioner, avers to the following;

2) Petitioner, furtherly asserts that because he was completely correct and that he met both prong's of the standard set forth in <u>Strickland v Washington</u>, 466 U.S. 668, 694 (1984). Proving that Trial Counsel's were both Constitutionally Ineffective violating his 5th And 6th Federal Constitutional Right's.

3) Reasonable Jurist would find that the District Court's assessment of the Petitioner's constitutional claims debatable or wrong and that a "Cetificate Of Appealability" should be now (GRANTED):<u>See</u>, <u>Miller-EL v Cockrell</u>, 537 U.S. 322-336 (2003).

**ISSUE ONE:**
Reasonable Jurist would find it debatable whether the District Court abused its discretion by failing to comply with the Second Circuit's controlling decision in <u>United States v Curcio</u>, 680 F.2d 881 (2d Cir.1982) Where the Petitioner suffered "Prejudice" in that there is a reasonable probability that had it not been for both counsel's deficient performance the out come of the proceeding's would have been different.

**ISSUE TWO:**

Reasonable Jurist would find it debatable whether the District Court abused its discretion by failing to comply with the Second Circuit's controlling decision in <u>Puglisi v United States</u>, 586 F.3d 209 (2d Cir.20 09). Where the Petitioner provided (3)-Affidavit's of witnesses that would have provided competent testimony supporting that Petitioner is (**Actually Innocent**). Of the offenses charged.

**ISSUE THREE:**

Reasonable Jurist would find it debatable whether the District Court abused its discretion by failing to provide a "rule" or "case law" that informs the petitioner as to when he/she should or must ask for leave to present competent witness affidavit's that would support his claims raised in his timely filed §2255-motion. The names of the witness was presented but Petitioner could not obtain the affidavit's until he had to file an objection.

Resoectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing, has been furnished by U.S. Mail TO: United States Attorney's Office @ 11 Elmwood Avenue. P.O. Box 570 Burlington, Vermont 05402-0570. On this __10th__, day of __June__ ,2026. I on this same date did place this documentation into the hands of prison offcials for legal mailing. See, Houston v Lack, 487 U.S. 266, 275 (1988).

Respectfully Submitted

Brian Folks
#11701-082/LA-43L
Federal Correctional Inst.
Butner-Medium II
Post Office Box 1500
Butner, NC 27509-1500.

3